[Civ. No. 10177. Third Dist. Sept. 21, 1961.]

STATE OF CALIFORNIA, DEPARTMENT OF THE CALIFORNIA HIGHWAY PATROL, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and HARRY C. CRUSE, Respondents.

T. Groezinger and Loton Wells for Petitioner.

Everett A. Corten, Rupert A. Pedrin and William J. Cullinan for Respondents.

WARNE, J. pro tem.*—By means of certiorari the petitioner seeks to review the order of the Industrial Accident Commission of the State of California awarding Harry C. Cruse compensation for industrial injury.

The instant claim was designated as "SACO 8514" by the Industrial Accident Commission and was consolidated for hearing with "SACO 7373," which was a proceeding pur-

---

*Assigned by Chairman of Judicial Council.

suant to section 21026 of the Government Code, whereby the Board of Administrators of the State Employees' Retirement System petitioned the Industrial Accident Commission for a determination of the question whether or not Harry C. Cruse's disability was industrial in nature. As a result of that proceeding the Industrial Accident Commission found that Harry C. Cruse was employed as a traffic officer on August 13, 1958, by the Department of California Highway Patrol, Division of Enforcements, and that on said date he sustained an injury arising out of and occurring in the course of his employment, consisting of an aggravation of a pre-existing heart condition. After a denial of their petition for reconsideration, the State Employees' Retirement System petitioned this court for a writ of review, which was granted. The findings of the Industrial Accident Commission were affirmed by this court. (See *Board of Administration, State Employees' Retirement System* v. *Industrial Acc. Com., ante*, p. —— [16 Cal.Rptr. 134].)

In the instant case the petitioner contends that Cruse's claim is barred by the statute of limitations, and therefore the respondent Industrial Accident Commission erroneously awarded him compensation.

The record shows that the statute of limitations was in issue in the instant case (SACO 8514). The report of the Industrial Accident Commission in regard to that issue states: "It is true that the issue was raised. However, no attempt was made to prove the issue, which being an affirmative defense not only must be pleaded before submission but must be proved by competent evidence."

Section 5405 of the Labor Code reads: "Periods within which proceedings may be commenced: Collection of medical, disability or other benefits. The period within which may be commenced proceedings for the collection of the benefits provided by Articles 2 or 3, or both, of Chapter 2 of Part 2 of this division is one year from:

"(a) The date of injury; or

"(b) The expiration of any period covered by payment under Article 3 of Chapter 2 of Part 2 of this division; or

"(c) The date of last furnishing of any benefits provided for in Article 2 of Chapter 2 of Part 2 of this division."

Apparently, it was the conclusion of the Industrial Accident Commission that since the statute of limitations is an affirmative defense it was necessary for petitioner to prove, by evidence other than that produced by the claimant, that

the statute applied even though there was a stipulation or agreement, strengthened by the uncontradicted testimony of Cruse, that no medical care was furnished and that no compensation had been paid to the claimant. Such is not the law.

While it is true that the burden of proof is upon the party pleading the statute of limitations to establish that the alleged claim is barred, still, when the evidence of the claimant shows the action to be barred, there is no necessity for any further evidence on that question. The law does not require the doing of a useless act. (*Holloway* v. *Wetzel*, 86 Utah 387 [45 P.2d 565, 567, 98 A.L.R. 1006]; 34 Am.Jur. 353.)

In *New Amsterdam Casualty Co.* v. *Industrial Acc. Com.*, 66 Cal.App. 86 [225 P. 459], it was contended that the burden was upon the defendant not only to prove the statute of limitations applied, but also to prove that none of the exceptions of the statute prevented it from taking effect in the defendant's favor. At page 90 the court said: ". . . In 17 R.C.L. 1004, 1005, where the authorities are cited, the general statement is made to the effect that where a party to an action in which the statute of limitations is pleaded claims the benefit of an exception, all presumptions are against him and the burden is upon such party to show that he is entitled to the exception. And in volume 8 of Ann. Cas., p. 341, where a large number of cases are collected, it is said that 'when the plaintiff's pleadings show upon their face that the claim sued upon is actually barred by the statute of limitations, then a plea of the statute interposed by the defendant will in effect shift the burden to the plaintiff, who will be obliged to produce evidence to relieve his claim from the bar of the statute. Of course, in the first instance the burden is upon the defendant to prove his plea, but he may rely for such proof upon the admissions contained in the plaintiff's pleadings and rest without producing other evidence.' "

In the instant case the record shows the parties agreed that no medical care was furnished to Cruse and that no compensation had been paid him. Furthermore, the applicant Cruse testified that he had never received any salary, compensation or medical treatment from the petitioner since the date of the injury. The Industrial Accident Commission found that the injury was sustained August 13, 1958. This was also the date designated by Cruse as the date of injury in his application for Workmen's Compensation benefits. The application on its face shows that it was filed January 11,

1960. There is nothing in the record to refute these facts. Further, the record herein discloses the fact that no evidence was introduced to offset the defense made by the petitioner. Under the circumstances it must be obvious that the petitioner herein was not required to prove by other evidence a defense already proved by the claimant Cruse. We conclude that the defense of the statute of limitations must therefore prevail.

 Nor is there any merit in respondents' contention that the filing by the State Employees' Retirement System in SACO 7373 tolled the statute of limitations in SACO 8514 which is here being considered. While the record shows that the retirement system filed its application on May 21, 1959, and therefore was within a year from the date of the injury, the application was not for Workmen's Compensation as contemplated by section 5405 of the Labor Code and the application itself states: ''Your petitioner requests the Industrial Accident Commission to make Findings of Fact under Section 21026 of the State Employees' Retirement Law, to be considered by the Board of Administration, State Employees' Retirement System, in a matter of retirement, and not as an application for adjustment of claim under the Workmen's Compensation, Insurance and Safety Laws of the State of California, . . . .'' Section 21026 of the Government Code provides for determination by the Industrial Accident Commission of the question whether disability is industrial or nonindustrial for the purpose of retirement purposes. That proceeding was in no sense an application for the collection of Workmen's Compensation benefits.

The distinction between the two proceedings was impliedly recognized by the Industrial Accident Commission itself. The claim in this case was given a separate and distinct number, although SACO 7373 was consolidated for the purpose of hearing. Also, the record in SACO 7373 contains a letter from a referee of the Industrial Accident Commission addressed to counsel representing Cruse and informing them that in order to obtain a consolidated hearing it would be necessary for Cruse to file an application for benefits.

 Where the two proceedings are different and separate, as they are in this case, the pendency of one does not generally toll the statute of limitations of the other, and we see no reason to make an exception here. (See *Crow* v. *City of Lynwood*, 169 Cal.App.2d 461 [337 P.2d 919].) Also, in *Fidelity etc. Co.* v. *Industrial Acc. Com.*, 177 Cal. 472 [170

P. 1112], it was held that the filing of an application for permanent disability rating did not constitute the commencement of proceedings for the collection of compensation and thus did not toll the applicable statute of limitations.

Other points raised in the briefs require no discussion.

It is ordered that the award be and the same is hereby annulled.

Van Dyke, P. J., and Schottky, J., concurred.