[Civ. No. 31107. First Dist., Div. Three. Nov. 30, 1972.]

HENRY E. MIHESUAH, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
UNION OIL COMPANY, Respondents.

## Counsel

Levy & Van Bourg and Barry J. Williams for Petitioner.

Herlihy, Herlihy, Jones & Nelson and Jack Sisk for Respondents.

## Opinion

**CALDECOTT, J.**—Petitioner seeks review of Workmen's Compensation Appeals Board opinion and order after reconsideration (February 1, 1972). The opinion and order after reconsideration affirmed and adopted the referee's finding that the applicant's cause of action was barred by the statute of limitations. In view of the fact that the referee and the board found that the petitioner's claim was barred by the statute of limitations, they did not rule on whether the applicant had sustained an injury arising out of and in the course of his employment.

Petitioner has had a sixth grade education. At the time of his injury on April 29, 1969, he was 46 years of age and was working as a maintenance mechanic for Union Oil Company. On April 29, 1969, petitioner drove his own truck to work in San Francisco from his home in the East Bay area. At the end of the day, however, he drove from work in a Union

Oil Company truck. Petitioner took the company truck, with permission, because he had to stop the following morning to pick up some parts for work. While on his way home, petitioner was involved in a serious collision and was badly injured.

Union Oil Company treated the injury as a nonindustrial injury and, over the next two years, applicant received extensive benefits from Union and its group policy carriers. Petitioner was not informed by Union Oil that they had decided to treat his accident on a nonindustrial basis. Hospitalization of the petitioner was for two months and he has been temporarily disabled ever since.

It was the end of February or the beginning of March 1971, that petitioner was informed that his employment would be terminated on May 31, 1971. At the same time, petitioner was also notified that his benefits would be terminated. Petitioner immediately consulted counsel, and his application for workmen's compensation was filed on March 22, 1971, approximately two years after the date of his accident.

Following are the petitioner's claims:

(1) The application for workmen's compensation was filed within one year of the date on which benefits encompassed by Labor Code section 5405* were last provided. Petitioner's application thus satisfied the statute of limitations.

(2) Union's failure to comply with the rejection-of-claim procedure of sections 9816 and 9817 of the Rules and Regulations of the Administrative Director estop it from relying upon the statute of limitations as a bar to application for workmen's compensation.

### STATUTE OF LIMITATIONS

Section 5405 sets the period within which proceedings may be commenced for collection of workmen's compensation benefits. The period set by section 5405 is one year from the date of last furnishing of any benefits provided for in article 2 of chapter 2 of part 2, division 4 of the Labor Code. Section 4600 details the expenses of medical and hospital care for which an employer is liable to his employee in cases of the latter's compensable injuries. The relevant part of section 4600 reads as follows: "Medical, surgical, and hospital treatment . . . which is reasonably required to cure or relieve from the effects of the injury shall be provided by the employer. . . ."

---

*All code section references are to the Labor Code unless otherwise noted.

If petitioner's accident were employment related, there is no doubt that Union Oil Company's contributions to its group insurance policy came within the scope of section 4600, Union's partial payment of the insurance premiums, that is, accounted for payment of petitioner's medical expenses to the time of his termination. The question remains, however, whether petitioner's injuries were sustained within the scope of his employment; this question was not decided by the Workmen's Compensation Appeals Board and was not a part of the writ arguments.

Because Union's contributions to petitioner's insurance coverage came within section 4600, *petitioner's application* for workmen's compensation *was timely* under section 5405. The application was made immediately upon notification that benefits then being provided for medical treatment, as well as employment, would be terminated at the end of May. As discussed above, these benefits were within the scope of benefits (those given pursuant to article 2, chapter 2, part 2, division 4) which, by section 5405, tolled the running of the statute of limitations.

## ESTOPPEL

Because it appears that petitioner's claim was timely, his estoppel argument becomes unnecessary. Estoppel, however, may, in fact, arise against Union because it did not comply with the Rules and Regulations of the Administrative Director requiring that hospitalized employees be given notice of payment or nonpayment of benefits (§ 9816, Rules and Regulations of the Administrative Director) and that "notice of rejection of liability be sent upon making the decision to deny liability" (§ 9817, Rules and Regulations of the Administrative Director).

Petitioner was notified by his own automobile insurance company, when he sought uninsured motorist coverage, that he might be entitled to workmen's compensation. Petitioner's expenses, however, were being paid by the insurance which he obtained as a Union employee, and he was receiving full, or close to full, salary at all times. He, thus, had no reason to seek workmen's compensation prior to his termination.

Union's obligations under the director's rules, in addition, cannot be said to have been fulfilled by petitioner's notice from his insurance company of a possible workmen's compensation claim. The director's rules are promulgated pursuant to section 138.4 which is designed to assure the full and prompt payment of disability and medical benefits and to keep employees fully informed of the voluntary payment or nonpayment of such benefits. Union never suggested to petitioner that it had decided his acci-

dent was nonindustrial. The company, therefore, failed in its statutory obligation.

Union's act of furnishing extensive benefits to petitioner for almost two years and its failure to comply with the Rules and Regulations of the Administrative Director militate against its assertion of the statute of limitations as a bar to petitioner's application for workmen's compensation.

The opinion and order after reconsideration of the Workmen's Compensation Appeals Board is annulled and the case remanded for further proceedings consistent with the views expressed herein.

Draper, P. J., and Brown (H. C.), J., concurred.

The petition of respondent Union Oil Company for a hearing by the Supreme Court was denied January 24, 1973.