[S.F. No. 23119. In Bank. Nov. 4, 1974.]

WILLARD P. REYNOLDS, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
PACIFIC GAS AND ELECTRIC COMPANY, Respondents.

## COUNSEL

Neyhart, Beeson, Jewel, Boxer & Elkind and Stewart N. Boxer for Petitioner.

Fred T. Searls, Raymond W. White, Bruce P. Sadler and Barry L. Wade for Respondents.

## OPINION

**McCOMB, J.**—Petitioner seeks review and annulment of an opinion and decision after reconsideration of respondent Workmen's Compensation Appeals Board (hereinafter referred to as "the board") holding that his claim was barred by the statute of limitations.

*Facts:* On February 20, 1968, around 10 or 10:15 a.m., petitioner, who was well when he started to work that day, began to experience pain in his chest and left arm while loading heavy timbers onto a truck in the course of his employment with respondent Pacific Gas and Electric Company (hereinafter referred to as "PG&E"). He requested assistance with the loading, but none was available; so he continued doing the work alone. Later, in the afternoon, when he arrived at his destination, he experienced further, more severe pain when he began to unload the timbers from the truck. Again he requested assistance, but none was provided. He completed the work and then informed his supervisor that he felt sick and was going home. While discussing his condition with his supervisor, petitioner started to shake; and he expressed the opinion that he was having a heart attack. He was advised to sit down. He then began to perspire, and he lay down

on a bench. His supervisor requested someone in the office to call an ambulance to take petitioner to the hospital. An ambulance arrived, and petitioner's supervisor followed it to the hospital, where the diagnosis of a heart attack (myocardial infarction) was, to the knowledge of the supervisor, confirmed.

Petitioner did not work for approximately a year after his heart attack. During that time, he received unemployment disability compensation from Pacific Service Employees Benefit Association under a private, voluntary plan for employees of PG&E, to which plan PG&E did not contribute. Petitioner paid for all his medical expenses, including the cost of the ambulance and the emergency treatment.

In late December 1970, nearly three years after his heart attack, one of petitioner's relatives suggested to him that he might be entitled to workmen's compensation benefits. This idea had apparently not occurred to petitioner.[1] He thereupon consulted an attorney and on January 22, 1971, filed the present claim, alleging an industrial injury to his heart.

At no time between February 20, 1968, and January 22, 1971, did PG&E notify petitioner that he was not entitled to workmen's compensation benefits or advise him that there was any possibility he was entitled to such benefits.

Question: *Is petitioner's claim barred by the statute of limitations?*

*No.* The board concluded that a study of the record "leads to the inevitable conclusion that [petitioner] either knew or should have known of the relationship of his heart attack to his employment activities" and that since no benefits were furnished, the proceedings were barred by sections 5404 and 5405 of the Labor Code. It accordingly ordered that petitioner take nothing by reason of the proceedings.

PG&E, however, was required, under administrative rules issued by the Administrative Director, Division of Industrial Accidents, Department of Industrial Relations, to notify petitioner that there was a possibility he would be entitled to workmen's compensation benefits and, since it apparently denied that he was entitled to benefits, to send him an unequivocal statement to that effect; and it failed to do so. As a result, the statute of limitations had not commenced to run at the time petitioner filed his claim.

---

[1] When petitioner completed the application for benefits through Pacific Service Employees Benefit Association, he checked "No" in response to the question, "Is this a Company industrial accident?"

Section 138.4 of the Labor Code provides: "The administrative director shall, with respect to injuries involving loss of time: ¶ (a) Prescribe reasonable rules and regulations for the serving on the employee of reports dealing with the payment or nonpayment of benefits . . . ." The pertinent administrative rules are contained in title 8, chapter 4.5, of the California Administrative Code.

At the time of petitioner's injury, one of the rules (§ 9816) provided, in part: "In every case of which the employer has notice or knowledge of an injury which: (a) requires hospitalization, or results in disability of more than seven days . . . he shall give to the employee . . . notice of payment or nonpayment of benefits . . . ."[2] Section 9817, subdivision (d), provides, "Notice of rejection of liability shall be sent upon making the decision to deny liability." And under section 9859 it is provided that in the notice of denial of benefits the following paragraphs are mandatory: "Should you believe that you are entitled to benefits under the Workmen's Compensation Law: 1) you may contact the Administrative Director . . . for information or assistance; 2) you may file an application for a hearing before a referee of the Workmen's Compensation Appeals Board; 3) you may consult an attorney or representative of your choice.

"If you have any questions, act immediately. If you wait too long, you may lose your rights to benefits."

The clear purpose of these rules is to protect and preserve the rights of an injured employee who may be ignorant of the procedures or, indeed, the very existence of the workmen's compensation law. Since the employer is generally in a better position to be aware of the employee's rights, it is proper that he should be charged with the responsibility of notifying the employee, under circumstances such as those existing here, that there is a possibility he may have a claim for workmen's compensation benefits.

Although, as hereinabove pointed out, the board concluded that petitioner either knew or should have known of the relationship of his heart attack to his employment, the referee had found that petitioner did not realize the relationship until some time in December 1970 and that his failure to realize the relationship was due to a lack of sophistication. The supervisory personnel of PG&E, on the other hand, undoubtedly had the experience to recognize that there could be a basis for a claim that petitioner's heart attack was industrially caused.

---

[2]Under section 9816, as amended effective April 11, 1974, the notice must be given in every case where the period of disability is for more than *three* days.

■ Since PG&E was obligated to give the notices prescribed by the administrative rules and failed to do so, it may not raise the technical defense of the statute of limitations to defeat petitioner's claim. (See *Mihesuah* v. *Workmen's Comp. Appeals Bd.*, 29 Cal.App.3d 337, 340-341 [105 Cal.Rptr. 561].)

The opinion and decision after reconsideration is annulled, and the case is remanded for further proceedings consistent with the views expressed herein.

Wright, C. J., Mosk, J., Burke, J., Clark, J., Taylor, J.,* and Christian, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.