19 Cal.3d 329 (1977)
562 P.2d 1037
137 Cal. Rptr. 878
KAISER FOUNDATION HOSPITALS, PERMANENTE MEDICAL GROUP, Petitioner,
v.
WORKERS' COMPENSATION APPEALS BOARD, TERRY WEBB et al., Respondents.
Docket No. S.F. 23568.
Supreme Court of California.
April 22, 1977.
*331 COUNSEL
Airola & Ringgold and Lowell A. Airola for Petitioner.
Tamba, Hill, Schneider, Leach & D'Andre and Joseph J. D'Andre for Respondents.
Warren L. Hanna as Amicus Curiae on behalf of Respondents.
OPINION
RICHARDSON, J.
This case involves the application of Labor Code (all statutory references are to that code unless otherwise indicated) section 5405, which provides a one-year statute of limitations for the filing of claims under the Workers' Compensation Act (the Act). Concluding, as we do, that the one-year period commences to run when *332 the potential claimant is notified that the employer and its compensation carrier reject liability under the Act, we will affirm the decision of the Workers' Compensation Appeals Board (Board) which held the claim was barred because it was filed more than one year after such notice was given.
Terry Webb, then 19 years old, developed a hernia in November 1973 during a period of his employment as a clerk for respondent Pennysaver Market (employer). As a subscriber to petitioner's health care plan through his union, Webb sought treatment at one of its facilities. All premiums due under the plan were paid by the union from a trust fund to which the employer made compulsory contributions. Health care coverage was afforded only for "nonindustrial" injuries or illnesses.
Petitioner's staff first examined and treated Webb on November 30, 1973. A physician's first report of work injury was filed with employer on December 6, 1973. At the request of employer's compensation insurance carrier, Republic Indemnity Company (Republic), Webb was examined on December 14, 1973, by a Dr. Rixford who concluded that the hernia was not job related. As a result, on January 2, 1974, Republic sent both Webb and petitioner a formal written notice of rejection of any liability for a compensable injury. Such notice is required in most cases by administrative regulation. (Cal. Admin. Code, tit. 8, §§ 9816, 9817, 9859.)
Petitioner's staff surgically repaired the hernia on January 28, 1974, and furnished Webb his last medical treatment on February 3, 1974. On January 20, 1975, petitioner filed with the Board its present claim for reimbursement of Webb's medical expenses in the amount of $874.21. (1) Thus, the claim was filed more than one year after notification to both the employee and petitioner of the rejection by the employer and Republic of statutory responsibility for treatment, but less than one year after petitioner's last rendition of medical services to Webb.
The conclusion of the workers' compensation judge that the claim was barred by the one-year limitations period of section 5405 was sustained by the Board, and this petition for review followed the Board's denial of reconsideration.
Section 4600 provides that the employer must provide all "[m]edical, surgical, chiropractic, and hospital treatment ... which is reasonably required to cure or relieve from the effects of [an industrial injury] ..." *333 and the employer is liable for expenses incurred by the employee, or by third parties in his behalf when it fails to do so. Section 5405 specifies, in turn, that the time within which proceedings may be commenced for the collection of benefits due under the Act is one year from (a) the date of injury (subd. (a)), (b) the expiration of any period covered by disability benefits paid pursuant to the Act (§§ 4650-4663) (subd. (b)), or (c) "[t]he date of last furnishing of any benefits provided for in [sections 4600-4605] ..." (subd. (c)).
Several courts have considered the meaning of "compensation" or "benefits" as used in section 5405, subdivisions (b) and (c), and their predecessor sections. The interpretation of these terms has been judicially related to the legislative purpose behind the "tolling" provisions of subdivisions (b) and (c). This purpose, as we develop below, "is the protection of the injured employee from being lulled into a sense of security by voluntary payments of benefits until the time to commence formal proceedings with the commission has expired." (Pacific Emp. Ins. Co. v. Ind. Acc. Com. (1944) 66 Cal. App.2d 376, 380 [152 P.2d 501] [construing predecessor statute], italics added; see State of Cal. v. Industrial Acc. Com. (1957) 155 Cal. App.2d 288, 290 [318 P.2d 34] [construing current language].)
Consistent with the foregoing legislative goal, several older cases have held that if an employer or its compensation carrier, knowing of a potential claim, furnishes treatment or advances sums for purposes bearing a clear relationship to an industrial injury, such benefits will be deemed to have been given under the Act thus tolling the statute. (E.g., Bulger v. Industrial Acc. Com. (1933) 218 Cal. 716, 724 [24 P.2d 796]; Rendleman v. Industrial Acc. Com. (1966) 242 Cal. App.2d 32, 35-37 [50 Cal. Rptr. 923]; Morrison v. Industrial Acc. Com. (1938) 29 Cal. App.2d 528, 537 [85 P.2d 186]; London G. & A. Co. v. Indus. Acc. Com. (1928) 92 Cal. App. 298, 301 [268 P. 670].)
More recently in City etc. of San Francisco v. Workmen's Comp. App. Bd. (1970) 2 Cal.3d 1001, 1011 [88 Cal. Rptr. 371, 472 P.2d 459], we considered the tolling of section 5405 as applied to city employees whose municipal employer maintained a system of disability benefits similar to those afforded under the Labor Code. We said that payments received by employees under the municipal system should first be applied in discharge of the city's obligations under the Labor Code. We concluded: "To the extent that the payments were received at a time when disability was due under the Labor Code, they were `compensation' within the *334 meaning of that code and served to toll the statute of limitations. If, however, the payments were made more than a year after the city had fully satisfied and discharged its liability to the injured employees under the Labor Code, they were not `compensation' and did not toll the statute of limitations." (Ibid.)
The foregoing cases indicate that the underlying purpose of the "tolling" provisions of section 5405 and its predecessors is to prevent a potential claimant from being misled by an employer's voluntary acts which reasonably indicate an acceptance of responsibility for the employee's injury. This concept has been variously phrased. (E.g., Bulger v. Industrial Acc. Com., supra, 218 Cal. at p. 724 ["evidence ... inferentially tended to create a belief in the mind of petitioner that he would be cared for by his employer ..."]; Morrison v. Industrial Acc. Com., supra, 29 Cal. App.2d at p. 537 [statute should not become a "trap to defeat just claims;" payment may "lull [the claimant]... into false hopes and cause him to delay presenting his claim ..."]; London G. & A. Co. v. Indus. Acc. Com., supra, 92 Cal. App. at p. 301.)
Petitioner, nonetheless, argues that the fact of its receipt of notice of disclaimer is irrelevant to the commencement of the period within which a claim may be filed. Citing Mihesuah v. Workmen's Comp. Appeals Bd. (1972) 29 Cal. App.3d 337 [105 Cal. Rptr. 561], petitioner urges that, regardless of such notice, an employer's contributions to a medical plan under which an employee obtains treatment for an industrial injury always constitute section 5405, subdivision (c), "benefits," thus deferring commencement of the limitations period for so long as the treatment continues. Hence, it is asserted, the instant claim is timely although filed more than one year after receipt of the rejection notice, because less than one year had elapsed between such filing and "the last furnishing of ... benefits," namely, medical care to Webb under the employer-participating plan. (§ 5405, subd. (c).) We disagree.
In Mihesuah, an employer disclaimed compensation responsibility for an employee's disabling truck accident. Unlike the instant case, however, the employer failed to advise the injured employee of its disclaimer, but rather, for over two years, continued to furnish medical treatment under its own medical plan and paid the employee substantial benefits from its own pension and disability fund. When these benefits were suddenly withdrawn the employee promptly filed a claim. In reversing the Board's determination that the claim was barred, the Mihesuah court concluded that the employer's contributions to the employee group medical care *335 plan necessarily constituted section 4600 "benefits," thus tolling the statute of limitations for so long as treatment for a compensable injury was afforded under the plan. Finding the employee's claim timely filed for this reason, the Mihesuah court further held that it was not required to consider the alternative argument (later accepted by us in Reynolds v. Workmen's Comp. Appeals Bd. (1974) 12 Cal.3d 726 [117 Cal. Rptr. 79, 527 P.2d 631]) that the employer was estopped from asserting the statute of limitations because of its failure to notify the employee of the fact that the employer considered the injury as nonindustrial.
The reasoning of Mihesuah is not applicable where, as here, a potential claimant has been fully informed that the employer and its compensation carrier disclaim compensation liability for an employee's injury. Such notice, when given, fairly advises the recipient that formal remedies must be invoked in order to recover amounts claimed due under the Act. The legislative purposes of subdivisions (b) and (c) are thereby satisfied and the statute of limitations begins to run no later than the date on which such notice is given.
We have found no authority holding that section 5405 is tolled after the receipt by a potential claimant of an employer's notice of disclaimer. Several Board decisions which have specifically considered the status of employer contributions to general employee health care plans as "benefits" have held to the contrary. While the results are not entirely consistent, they support the general view that notice to the claimant of the employer's nonresponsibility militates against a finding that the employer is extending voluntary "benefits." (Compare, Fireman's Fund Indemnity Company v. Ind. Acc. Com. (1946) 11 Cal.Comp.Cases 86, 87-88, with Bergeron v. Ind. Acc. Com. (1942) 7 Cal.Comp.Cases 14, 15; see Stone v. Ind. Acc. Com. (1942) 7 Cal.Comp.Cases 226, 227; but see Lockheed-California Co. v. Workmen's Comp. App. Bd. (1973) 38 Cal.Comp.Cases 227, 228.)
Petitioner's final argument stresses the language of section 3751, which prohibits an employer from requiring an employee to bear any portion of the cost of treating, or compensating for, an industrial injury. Petitioner urges that this section and section 4600, read together, render the employer's duty of treatment both "mandatory" and "unlimited" and that section 5405 generally, and subdivision (c) in particular, must be evaluated and interpreted in the light of this characterization. Hence, it is contended, any involvement by the employer with the employee's treatment, including, as here, employer health care contributions, even *336 indirect or accidental, should, regardless of notice of disclaimer, be deemed a "benefit" under the Act. With the possible exception of Mihesuah, no authority is cited for such a sweeping proposition, or for petitioner's alternative contention that the employer's "unlimited" duty to provide care precludes enforcement of any limitations period whatever for medical claims under the Act.
Petitioner's arguments, although ingenious, must yield to the mandates of the statutory pattern before us. (2) While section 4600 imposes a broad duty upon the employer, section 5405 sets clear limits on the time periods within which procedures for the enforcement of that duty must be invoked. In suggesting the contrary, petitioner confuses rights, duties and remedies. The statute of limitations neither "limits" duties, nor makes them less than "mandatory." It merely requires diligent prosecution of known claims thereby providing necessary finality and predictability in legal affairs, and ensuring that claims will be resolved while the evidence bearing on the issues is reasonably available and fresh.
On principle, the tolling of the statutory period, in harmony with section 5405, subdivisions (b) and (c), is entirely appropriate and fair so long as an employer's conduct reasonably suggests that the filing of a claim is unnecessary. However, once the employee is advised of the employer's disclaimer, sound policy requires the prompt pursuit of remedies. We discern no undue harshness in imposing such a limitation. (See Royal Indem. Co. v. Industrial Acc. Com. (1966) 239 Cal. App.2d 917, 922 [49 Cal. Rptr. 224].) The Board, of course, may assert its continuing statutory jurisdiction over claims timely filed, and the employer may indeed thereafter be fully liable for the employee's lifetime care. (See §§ 5404, 5803-5805.) The statutory scheme is logical and unambiguous.
(3) In summary, we hold that the statute of limitations, embodied in section 5405, begins to run against a potential claimant no later than the date on which the claimant is notified of a disclaimer by the employer, or its compensation carrier. Thereafter, a claimant can no longer be fairly said to harbor any false hopes engendered by the employer, but must thereafter be deemed fully aware that resort must be had to the formal statutory remedies in order to vindicate any claimed benefits.
It follows from the foregoing that petitioner's claim is barred, because it was filed more than one year after petitioner received the requisite *337 notice of rejection of compensation liability for the claimed injury. The order denying reconsideration is affirmed.
Tobriner, Acting C.J., Mosk, J., Clark, J., Sullivan, J.,[*] Wright, J.,[] and Taylor, J.,[] concurred.
NOTES
[*] Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.
[] Retired Chief Justice of California sitting under assignment by the Acting Chairman of the Judicial Council.
[] Assigned by the Chairman of the Judicial Council.