[S.F. No. 24759. July 25, 1985.]

KAISER FOUNDATION HOSPITALS, PERMANENTE MEDICAL GROUP, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, CITY OF DALY CITY et al., Respondents.

58

**COUNSEL**

Barry M. Wally for Petitioner.

Richard W. Younkin, William B. Donohoe, Alvin R. Barrett, Mullen & Filippi and David V. Costa for Respondents.

OPINION

LUCAS, J.—This case involves the issue of whether the workers' compensation statute of limitations is tolled as to a lien claimant, until the employer with knowledge of the work-related injury notifies the employee of his workers' compensation rights. We conclude that when Labor Code section 5405, subdivision (a) (all further statutory references are to this code unless otherwise cited) applies, the limitations period specified therein runs from the date of injury. If the employer breaches its statutory duty to notify an employee unaware of his workers' compensation rights of those rights, the limitations period is tolled for the period of time that the employee remains unaware of his rights. No tolling occurs if the employee has actual knowledge of his rights before the employer's breach. The employer has the burden of proving when the injured employee gained actual knowledge of his workers' compensation rights. The employee must know that he may be entitled to relevant benefits under the workers' compensation system. We reach this conclusion after examining the language of the statutes involved, the case law, and the policies underlying the statutes.

FACTS

On February 25, 1981, while working for the City of Daly City (City), Marvin Martin slipped and fell, injuring his left leg. The injury worsened and on March 6, 1981, Martin was admitted to Kaiser Foundation Hospital (Kaiser) in Redwood City where he was furnished medical services. Because of his injury, Martin did not return to work until May 1981.

On April 23, 1981, Kaiser, as required by section 6409, sent a first report of work injury to Scott, Wetzel Services, Inc., insurance adjusters for City. There is no evidence that either Kaiser or City knew before Kaiser sent this letter that Martin's injury was possibly work related. On July 2, 1981, the adjusters, as required by section 5402 and administrative regulations,[1] sent

---

[1]Section 5402 states in relevant part: "Knowledge of such injury, obtained from any source, on the part of an employer, his managing agent, superintendent, foreman, or other person in authority, or knowledge of the assertion of a claim of injury sufficient to afford opportunity to the employer to make an investigation into the facts, is equivalent to [written notice from an employee that he has suffered a work-related injury]. Upon receiving such knowledge, the employer shall notify the injured employee . . . that he may be entitled to benefits under this division. Such notice by the employer shall be within the time period and in the manner prescribed by the administrative director for such purpose . . . ."

California Administrative Code, title 8, section 9880, states: "Any employer upon receiving knowledge of an injury to an employee as defined in Labor Code Section 3208, or notice or knowledge of a claimed injury sufficient to afford an opportunity to make an investigation into the facts, shall within 5 working days advise the injured employee, or his

Martin a letter rejecting any employer liability for the injury, and advising Martin that if he was not satisfied he could contact the state Division of Industrial Accidents or consult an attorney. A copy of the letter was sent to Kaiser. Both parties concede that this letter adequately notified Martin of his workers' compensation rights. Martin acknowledged receiving the letter on August 13, 1981. There is no evidence that he had any knowledge of his workers' compensation rights prior to receiving this notice.

Kaiser forwarded the case to its attorney in January 1982. In March 1982, Kaiser's attorney wrote to Martin's attorney asking if Martin planned to file a workers' compensation claim. After it received a negative response, Kaiser, on April 15, 1982, filed an application for adjudication of claim with the Workers' Compensation Appeals Board (WCAB) as a medical lien claimant. (The right to file such a claim is discussed *infra.*) Kaiser's application was filed more than one year after Martin sustained his injury, but less than one year after City's adjusters sent the notice denying liability and advising Martin of his workers' compensation rights; i.e., more than one year from the date of injury, but less than one year after the employer notified the employee of his workers' compensation rights.

The WCAB held that Kaiser's action was barred by section 5405, subdivision (a), which states that workers' compensation proceedings must be commenced within one year from the date of injury. As will appear, we disagree.

DISCUSSION

1. *Section 5405: Language and Underlying Policy*

Section 5405 specifies in relevant part that workers' compensation proceedings must be commenced within one year from the later of "(a) The

---

or her dependents in the event of death, of the benefits to which the employee or dependents may be entitled. The advisory document shall be in writing, but need not be in any particular form, and shall include, in non-technical terms, advice as to the right to receive medical care, to select or change the treating physician pursuant to the provisions of Labor Code Section 4600, to receive temporary disability indemnity, permanent disability indemnity, death benefits and vocational rehabilitation where appropriate. The document shall also contain information as to the services of Rehabilitation Consultants and Information and Assistance Officers located in the offices of the Division of Industrial Accidents, Workers' Compensation Appeals Board, and of the services of the Workers' Compensation Appeals Board as final arbiter of claims.

"Where the employee is claiming an injury due to exposure to asbestos, in addition to the foregoing, the employee shall be notified of benefits provided by the Asbestos Workers' Account."

date of injury; or . . . [¶] (c) The date of last furnishing of any benefits provided for in [§§ 4600-4605] . . . ." Sections 4600-4605 specify that an employer must provide all competent medical care reasonably required to treat a work-related injury.

The purpose of any limitations statute is to require "diligent prosecution of known claims thereby providing necessary finality and predictability in legal affairs, and ensuring that claims will be resolved while the evidence bearing on the issues is reasonably available and fresh." (*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (Webb)* (1977) 19 Cal.3d 329, 336 [137 Cal.Rptr. 878, 562 P.2d 1037]; see also 3 Larson, Workmen's Compensation Law (1983) § 78.10 ["The purpose . . . of any limitations statute [is] to protect the employer against claims too old to be successfully investigated and defended"]; 2 Hanna, Cal. Law of Employee Injury and Workmen's Compensation (2d ed. 1984) § 18.02[1] [the purpose of a statute of limitations in workers' compensation cases "is to cause an early submission of controversies while it is possible to obtain competent evidence concerning the alleged injury and its effects, and thus to afford protection against false claims or those based upon remote and unsatisfactory speculation as to the cause of a disability . . ."].)

We must decide how section 5405 is to be interpreted in light of various Labor Code sections and administrative regulations that require an employer with notice of a work-related injury to inform the injured employee of his workers' compensation rights.[2] As we will show, this court and the Court of Appeal previously have dealt with similar issues.

## 2. *The Reynolds Decision and Subsequent Amendments to the Labor Code*

In *Reynolds* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 726 [117 Cal.Rptr. 79, 527 P.2d 631], the employee had a heart attack at work on February 20, 1968, and his supervisor called an ambulance. Because of the heart attack, the employee did not work for one year; he paid all his own medical expenses. In December 1970, a relative suggested to the employee that he might have a workers' compensation claim, a possibility that he had not considered previously. He consulted an attorney and filed a claim on January 22, 1971, almost three years after the date of injury.

In *Reynolds,* we held the claim was not barred by section 5405's one-year limitations period because the employer never notified the employee of his

---

[2]See sections 5402, 138.3, 138.4; California Administrative Code, title 8, sections 9816, 9817, 9859 and 9880. (Since the time of Martin's injury sections 9816, 9817 and 9859 have been repealed, but the same notice requirements are now found in sections 9812 and 9880.)

workers' compensation rights,[3] and the employee was unaware of those rights at the time of his injury. We observed that, under section 138.4, "The administrative director [of the Division of Industrial Accidents, Department of Industrial Relations] shall, with respect to injuries involving loss of time: [¶] (a) Prescribe reasonable rules and regulations for the serving on the employee of reports dealing with the payment or nonpayment of benefits . . . ." (P. 729.) Pursuant to section 138.4, the administrative director had promulgated rules effective at the time of the employee's injury in *Reynolds,* requiring an employer to notify employees of their workers' compensation rights when an employee's injuries resulted in hospitalization or loss of more than seven days of work. (Cal. Admin. Code, tit. 8, §§ 9816, 9817, 9859.)[4] As we stated in *Reynolds,* "The clear purpose of these rules is to protect and preserve the rights of an injured employee who may be ignorant of the procedures or, indeed, the very existence of the workmen's compensation law." (12 Cal.3d at p. 729.) *Reynolds* stands for the proposition that when an employer fails to perform its statutory duty to notify an injured employee of his workers' compensation rights, *and* the injured employee is unaware of those rights from the date of injury through the date of the employer's breach, then the statute of limitations will be tolled until the employee receives actual knowledge that he may be entitled to benefits under the workers' compensation system.[5]

Following the *Reynolds* decision, the Legislature in 1975 added new section 138.3, and amended section 5402. Section 138.3 states: "The administrative director shall, with respect to all injuries, prescribe . . . reasonable rules and regulations requiring the employer to serve notice on the injured employee that he may be entitled to benefits under this division." The 1975 amendment to section 5402 added the following relevant language: "Upon receiving . . . knowledge [of an injury], the employer shall notify the injured employee . . . that he may be entitled to benefits under this division. Such notice by the employer shall be within the time period and in the manner prescribed by the administrative director for such purpose . . . ." Thus, sections 138.3 and 5402 codify Administrative Code, title 8, sections 9816, 9817, and 9859, and by implication confer legislative approval on the result reached in *Reynolds.* (See *Review of Selected 1975 Cal. Legislation*

---

[3]The employer, of course, had knowledge as of the date of injury through the employee's supervisor. (§ 5402.)

[4]See footnote 2 and the current California Administrative Code, title 8, sections 9812 and 9880.

[5]The *Reynolds* holding cannot be divorced from the facts of that case. As we stated in that opinion, the "idea had apparently not occurred to petitioner" until three years after the injury "that he might be entitled to workmen's compensation benefits." (12 Cal.3d at p. 728.)

(1976) 7 Pacific L.J. 237, 568-569; Mastoris, *The Statutes of Limitation in Workers' Compensation Proceedings* (1979) 15 Cal. Western L.Rev. 32, 55 & fn. 88.)

In 1977, pursuant to the 1975 legislation, the administrative director added a rule requiring employers, within five days of receiving notice of any employee's work-related injury, to notify the employee in writing of his workers' compensation rights. (Cal. Admin. Code, tit. 8, § 9880.) Apart from lending support to the *Reynolds* decision, the net result of the 1975 legislation and subsequent addition to the Administrative Code was to expand the employer's duty to inform the injured employee. ■ Under section 5402, the duty now arises when the employer has actual or constructive knowledge of any work-related injury, including those requiring no hospitalization or time off work.

### 3. *Effect of the 1975 Amendments on the Statute of Limitations*

■ We think it significant that the reinforcement of the employer's duty to notify following *Reynolds* was accomplished not by modifying section 5405 (the limitations period), but by expressly codifying that duty in a separate section entitled, "Notice of Injury." (§ 5402.) Because this was the approach taken, we conclude that the Legislature did not intend to postpone automatically the commencement of the limitations period until an employer with knowledge of an industrial injury notified the employee of his workers' compensation rights. If the Legislature had intended an automatic postponement, it could easily have been accomplished by an amendment to section 5405.

We also note that, although the Legislature codified the employer's duty to notify, it failed to specify a consequence for the breach of that duty. Yet the 1975 amendments were not surplusage. We must therefore determine the legislative intent in the light of both the *Reynolds* decision, which generated the changes, and the policy of protecting those unaware of their rights, inherent in any notification statute. We conclude that the remedy for breach of an employer's duty to notify is a tolling of the statute of limitations if the employee, without that tolling, is prejudiced by that breach.

An employee would be prejudiced without the tolling if he has no knowledge that his injury might be covered by workers' compensation before he receives notice from the employer. Requiring prejudice to toll the limitations period promotes the policy behind the notification statutes: to protect those unaware of their rights. If between the date of injury and the date the employer breaches, an employee gains the requisite actual knowledge of his

workers' compensation rights, he will not be prejudiced by failure of his employer to notify him of those rights, and there is no reason to toll the statute of limitations even if his employer never advises him of his workers' compensation rights. If the employee remains ignorant of his rights past the time the employer breaches its duty to notify, the employee will be prejudiced from the date of breach until the employee gains actual knowledge that he may be entitled to benefits under the workers' compensation system. By promoting the purpose of the notice statute in this manner, we accord weight to the Legislature's choice following *Reynolds* to modify the Labor Code's notice requirements rather than to alter the statute of limitations.

In selecting this approach, we have rejected an ironclad rule that would start the statute of limitations running only upon receipt of the statutorily required notice from the employer; such an inflexible rule would be inconsistent with the policies underlying statutes of limitations. Such statutes are intended to afford "finality and predictability in legal affairs, and [to ensure] that claims will be resolved while the evidence bearing on the issues is reasonably available and fresh." (*Kaiser (Webb), supra,* 19 Cal.3d at p. 336.) The related notice statutes (§§ 138.3, 138.4, 5402) demonstrate a legislative decision that the policies underlying the statute of limitations are outweighed when an employer with knowledge of an injury breaches its duty to advise, and the employee is unaware of workers' compensation. Once a breaching employer notifies an injured employee of his workers' compensation rights, the policies behind the statute of limitations take precedence, and the tolling of the limitations period ends no later than the date notice is received. The tolling period ends earlier only if the employer proves that the employee gained the requisite knowledge of his workers' compensation rights before he receives the employer's notice. Similarly, if an employee is already aware of his rights when the injury is discovered, the limitations period is not tolled.

Furthermore, in order to find that the limitations period starts only upon an employee's receipt of the statutory notice, without regard to the employee's knowledge at the time of injury, we would be required to ignore the language of section 5405 expressly providing that the period runs from the "date of injury." The present case involves a "specific" or discrete injury rather than a cumulative injury or occupational disease.[6] For a specific in-

---

[6]Section 3208.1 provides: "An injury may be either: (a) 'specific,' occurring as the result of one incident or exposure which causes disability or need for medical treatment; or (b) 'cumulative,' occurring as repetitive mentally or physically traumatic activities extending over a period of time, the combined effect of which causes any disability or need for medical treatment. The date of a cumulative injury shall be the date determined under Section 5412."
Section 5412 provides: "The date of injury in cases of occupational diseases or cumulative

jury, the code defines "date of injury" as "that date during the employment on which occurred the alleged incident or exposure, for the consequences of which compensation is claimed." (§ 5411.) To require automatic tolling of the limitations period until the statutory notice is received would be to read "date of injury" out of the statute of limitations (§ 5405) in almost all cases. As noted previously, the Legislature did not amend section 5405, nor did it amend section 5411 to redefine "date of injury" in specific injury cases.

The rule we adopt requiring tolling only where an employer's breach of the notice requirements prejudices an employee is consistent with the other notification requirements of the workers' compensation system. Section 5400 requires an injured employee to notify his employer in writing of the injury within 30 days of its occurrence. An employee's failure to give written notice has no consequence if an employer gains constructive knowledge of the injury. (§ 5402.) But if the employer does not gain such knowledge then it may successfully move to dismiss the claim for compensation if it can prove it was prejudiced by lack of written notice. (§ 5403.)[7]

In conclusion, the rule we adopt is consistent with both the *Reynolds* decision and the applicable workers' compensation statutes.

## 4. *Kaiser's Claim Is Timely*

Applying the foregoing analysis to the present case, we conclude that the statute of limitations began running on the date of Martin's injury, but was tolled from the date City was in breach, until the date it notified Martin of his workers' compensation rights, and Kaiser's claim is thus timely. Martin's injury occurred on February 25, 1981. Kaiser sent its first report of work injury on April 23, 1981, but City did not send the required notice until July 2, 1981, and Martin did not acknowledge receiving the notice until August 13, 1981. The administrative regulations require an employer upon receiving knowledge of a work-related injury to advise an employee of his workers' compensation rights within five working days. (Cal. Admin. Code, tit. 8, § 9880.) Hence, City was in breach of its duty to notify for at least two months.

---

injuries is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that such disability was caused by his present or prior employment."

[7]Dismissals under section 5403 are rare because of the broad constructive notice provisions of section 5402 and the employer's heavy burden of proving prejudice for lack of notice. (See 2 Hanna, *supra*, §§ 18.01[3]-18.01[4].)

Next, because there is no evidence in the record that Martin knew of his workers' compensation rights, we find that City's breach would have prejudiced him. ■ ■ ■■ The burden was on City to prove Martin knew of his rights before City sent notice,[8] and we presume Martin was ignorant of those rights until he received City's notice in July or August 1981. ■ Since City breached its duty and Martin was ignorant of his workers' compensation rights until he received notice, the statute of limitations was tolled during the two-month period that City was in breach. Kaiser's application was therefore timely because it was filed within one year and two months from the date of Martin's injury.

### 5. *Kaiser's Status as a Lien Claimant*

■ A hospital such as Kaiser that provides medical services to an injured employee may initiate compensation proceedings by filing an application. (§ 5501; Cal. Admin. Code, tit. 8, §§ 10360, 10364.)[9] A medical lien claimant's filing initiates the workers' compensation process as if the employee himself had filed a claim. The injured employee must be named as a party and served notice, but he need not take part in the proceedings. Although the Labor Code permits a hospital to initiate proceedings, "no separate, independent right against the employer or insurance carrier [has] been conferred . . . by the [code] on doctors or hospitals furnishing medical services to injured employees[;] . . . the only direct liability [is] a liability to the injured employee, and an award in favor of the injured employee must be made before a lien thereon [can] be imposed in favor of the doctor or hospital." (*Independence Indem. Co.* v. *Indus. Acc. Com.* (1935) 2 Cal.2d 397, 402 [41 P.2d 320].)

■ The question arises whether, to protect its interests, Kaiser was required to file a claim on behalf of Martin within one year from the date of injury. Since Kaiser's lien claim is derivative, Kaiser has no greater or fewer rights than Martin to bring the action. Furthermore, neither the Labor Code nor any California case creates a different statute of limitations for medical lien claimants as opposed to injured employees in workers' com-

---

[8]The running of the statute of limitations is an affirmative defense (§ 5409), and the burden of proving it has run, therefore, is on the party opposing the claim. (See *Colonial Ins. Co.* v. *Ind. Acc. Com.* (1945) 27 Cal.2d 437, 440-441 [164 P.2d 490].) City would have had to prove Martin had actual knowledge that he might be entitled to relevant benefits under the workers' compensation system.

[9]One who provides health services to an injured employee may also wait until the employee files an application and then join the action as a lien claimant. (§ 4903; *Kaiser Foundation Hospitals* v. *Workmen's Comp. Appeals Bd.* (*Keifer*) (1974) 13 Cal.3d 20, 23-24 [117 Cal.Rptr. 678, 528 P.2d 766].)

pensation claims.[10] We conclude, therefore, that there is but one limitations period for any particular workers' compensation claim, and that is the period applicable to the injured employee. The limitations period in the present case was tolled from the date City breached its duty until the date Martin received notice of his compensation rights from City. Regardless of its own prior knowledge of the workers' compensation laws, Kaiser, like any other lien claimant, had one year from the date of Martin's injury plus the period of City's breach to file a timely claim if Martin did not previously file one.[11]

The WCAB and City cite *Hurwitz* v. *Workers' Comp. Appeals Bd.* (1979) 97 Cal.App.3d 854 [158 Cal.Rptr. 914], for the proposition that the statute of limitations bars the present claim. *Hurwitz,* however, is distinguishable. In *Hurwitz,* employee, a legal secretary, was injured while descending the steps of her office building on May 2, 1975. Employee hired an attorney to sue the owner of the office building in tort rather than seek workers' compensation from her employer. At or near the date of injury, employee knew she had a workers' compensation claim and even knew of the one-year limitations period. (*Id.,* at p. 862.) Yet, she filed no claim for workers' compensation until April 11, 1977, almost two years after the date of injury. Employee contended that her claim was not barred by the statute of limitations, because her employer failed to send her the statutorily required notice of her workers' compensation rights. (*Id.,* at pp. 868-869.) Since employee not only knew of her workers' compensation remedy on the date of her injury but also deliberately delayed pursuing that relief, the *Hurwitz* court was correct in holding her claim barred by the statute of limitations.

The Board's decision denying Kaiser's lien claim is annulled and the matter is remanded to the board for further proceedings consistent with this opinion.

---

[10](Cf. *County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (1982) 135 Cal.App.3d 567, 569-573 [185 Cal.Rptr. 419].) Section 5412 provides that the date of injury in a cumulative injury case is the date the employee knew or should have known his injury was work related. In *County of Los Angeles,* the Court of Appeal held that the cumulative injury limitations period was the same for both Kaiser and the injured employee because both were apprised of the same facts, and the court would not require of Kaiser a greater insight into whether the cumulative injury was work related. In dicta, the court said, "If a [health care] provider can be shown to have greater knowledge in that respect than . . . the employee, the provider's claim may be precluded as a lien." (*Id.,* at p. 573.) We presume the Court of Appeal meant that a lien claimant could be barred by laches if it unreasonably delayed. (See *infra,* fn. 11.)

[11]Once an application is filed by an employee, a lien claimant may join the action under section 4903. (See *ante,* fn. 8.) Furthermore, a lien claimant may reopen a case within five years of the WCAB's decision if there is a further disability or good cause is shown. (§§ 5410, 5803, 5804.) Nevertheless, a lien claim may be barred by laches if there is unjustifiable delay. (*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd.* (*Valencia*) (1976) 41 Cal.Comp.Cases 730 [lien claim barred where claimant waited over six years from the time it knew that the injury was work related before filing a claim].)

Bird, C. J., Mosk, J., Kaus, J., Broussard, J., Reynoso, J., and Grodin, J., concurred.