[No. B023863. Second Dist., Div. Four. June 23, 1987.]

WALLACE EARL PALMER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
ALUMINUM COMPANY OF AMERICA, Respondents.

1242

COUNSEL

Cantrell, Green, Pekich & Zaks and Marilyn S. Green for Petitioner.

Jones, Nelson, Ford & Haley, Theodore W. Cornforth, Richard W. Younkin, William B. Donohoe and Charles E. Finster for Respondents.

OPINION

WOODS, P. J.—In this proceeding we review a decision of respondent Workers' Compensation Appeals Board (Board) that applicant's petition to

reopen was untimely because it was filed more than five years after the date of injury defined as the first date of compensable disability. We conclude that the definition of date of injury contained in Labor Code section 5412 should be used in calculating the five-year period within which a petition to reopen may be filed in cumulative injury and occupational disease cases.[1] We further conclude the parties did not stipulate as to the date of injury when they signed the stipulations with request for award. Because the Board did not determine the date of injury in accordance with the definition contained in section 5412, we will annul and remand.

In an application for adjudication of claim filed December 1, 1982, applicant alleged industrial injury to his lungs due to exposure to noxious fumes during the September 24, 1948, through November 11, 1978, period of his employment by Aluminum Company of America (Alcoa) as a foreman and machine operator. In the application, "9/24/48 - 11/11/78" was typed in a blank space below which were the words "(DATE OF INJURY)." In its answer the employer raised a statute of limitations defense.

In May 1984 on a form entitled "Stipulations with Request for Award," the parties stipulated that applicant, "while employed ... as Foreman on 11-11-77-78 by ALCOA ... sustained injury arising out of and in the course of employment [to the] lungs." On the form, "11-11-77-78" was typed in a blank space below which were the words "(Date of Injury)." On June 7, 1984, the workers' compensation judge (WCJ) awarded applicant permanent disability indemnity and further medical treatment pursuant to the stipulations.

Before the award was issued, various medical reports had been admitted into evidence. Among these reports were the November 29, 1978, report of Dr. John H. Urabec and the October 4, 1983, report of Dr. Leonard M. Asher. In his November 29, 1978, report, Dr. Urabec stated that "Robert Palmer" complained of slight irritation due to industrial smoke exposure and occasional wheezing due to industrial steam exposure. On October 4, 1983, Dr. Asher reported that applicant claimed he "would come home with aluminum dust in his hair and clothing and in his mouth and nostrils in spite of cleaning up at work."

On August 15, 1984, applicant filed a petition to reopen pursuant to sections 5410, 5803, and 5804. At the April 11, 1985, hearing on applicant's petition, the parties stipulated that "[t]he date of injury on the Findings and

---

[1] Labor Code section 5412 provides: "The date of injury in cases of occupational diseases or cumulative injuries is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that such disability was caused by his present or prior employment."

All further statutory references are to the Labor Code unless otherwise specified.

Award is November 11, 1977 to November 11, 1978," and that applicant's last date of work for Alcoa was November 11, 1978. The minutes reflect the parties also stipulated that "[o]n or about November, 1982 applicant first became aware that the medical condition was related to the employment."

After the hearing applicant asserted that the dates marked above the lines designated date of injury on the application and stipulation forms are respectively the dates of hazardous exposure and the last year of injurious industrial exposure. Alcoa asserted the parties had actually stipulated that, if applicant were called to testify, he would state that "he did not know that his medical condition might be related to his employment until sometime in November of 1982."

The WCJ thereafter stated that "the legal date of injury ha[d] not been decided since [Alcoa] did not press the statute issue raised in its Answer." He concluded, however, that the marking of "11-11-77-78" on the date of injury line of the stipulations with request for award form was prejudicial to applicant. The WCJ rejected Alcoa's assertion about the nature of the stipulation as to date of knowledge, reiterating that the parties in fact stipulated that in November 1982 applicant first became aware his medical condition was work-related. The WCJ concluded, however, that in the interest of justice each party should be allowed the opportunity to establish the legal date of injury.

On March 12, 1986, the WCJ ordered that "applicant is relieved of his stipulation that his injury took place from November 1977 to November 1978" and that "[Alcoa] is relieved of its stipulation that applicant first knew that his medical condition was related to his employment in November 1982."

Applicant testified that although he stopped working in November 1978 because of a lung condition, he first became aware his condition might be work-related when an attorney suggested he consult another attorney regarding workers' compensation. Soon thereafter, applicant visited the office of Attorney Marilyn Green. The first physician with whom his attorneys scheduled a visit told applicant his lung condition was work-related. The parties stipulated that applicant visited Attorney Green's office in November 1982. Applicant testified the heat and steam at work did not bother him. He denied having informed Dr. Urabec to the contrary.

The WCJ determined that "according to the uncontradicted testimony of the applicant, ... the applicant did not know that his lung condition was related to his work until November 1982." The WCJ concluded that the

date of injury was therefore November 1982, that the petition to reopen was timely filed, and that the Board had jurisdiction to proceed on the petition.

Alcoa filed a joint petition for reconsideration and reopening on the grounds of newly discovered evidence. Attached to the petition are copies of personnel records from 1978 that are pertinent to the issue of the date applicant first knew his disability was industrially caused. Alcoa sought introduction of those documents as newly discovered evidence on the ground the records were maintained by Alcoa in different files than applicant's workers' compensation file.[2]

In his report and recommendation on the petition for reconsideration, the WCJ stated in essence that he did not feel bound by the recitation of the date of injury in the stipulations with request for award because the award was not based on findings. The WCJ explained, however, that "if [Alcoa] had not stipulated on April 11, 1985, [the WCJ] would not have set the stipulation of June 7, 1984, aside." He concluded the evidence presented at the March 12, 1986, hearing supported the decision.

The Board unanimously granted reconsideration. In a two-to-one decision after reconsideration, the Board concluded that the section 5412 definition of date of injury is not determinative of the "date of the injury" within the meaning of sections 5410 and 5804 in cumulative injury and occupational disease cases. Citing *Van Voorhis* v. *Workmen's Comp. Appeals Bd.* (1974) 37 Cal.App.3d 81 [112 Cal.Rptr. 208] and *Schultz* v. *Workers' Comp. Appeals Bd.* (1986) 51 Cal.Comp.Cases 58, writ denied, the Board observed that section 5412 has not been used to define the date of injury for all purposes in cumulative injury and occupational disease cases.

The Board noted that in *Smith* v. *Johns-Manville Products Corp.* (1981) 46 Cal.Comp.Cases 557, en banc, the Board had stated that in occupational disease cases the employee has five years from the date of disability and knowledge of industrial causation within which to petition under section 5804 to reopen. Distinguishing *Smith* on the ground that there on the first date of disability the employee knew of industrial causation, the Board concluded that in occupational disease and cumulative injury cases the date of injury for petitions to reopen under sections 5410 and 5804 is "the first date of the worker's compensable disability, whether or not there is concurrence with the date of the worker's knowledge or constructive knowledge of industrial connection."

The Board stated that applicant first suffered compensable disability "no later than November 1978," and it concluded that applicant's petition was

---

[2] There has been no ruling on Alcoa's petition to reopen.

untimely under sections 5410 and 5804. The Board expressly declined to reach the issue of when applicant first knew his lung condition was work-related. The Board rescinded the WCJ's determination that the date of applicant's injury for the purposes of sections 5410 and 5804 is November 1982, and denied applicant's petition.

Commissioner O'Neill concurred in the result, but stated she would not reach the issue whether the definition of date of injury in section 5412 applies to section 5410. She opined that the date of injury was determined to be November 11, 1978, when the WCJ issued the award and that this determination had become final. She concluded that applicant did not show good cause to justify vacating "the stipulation as to the date of applicant's injury" and that because of section 5804 the WCJ had no jurisdiction to reopen for good cause.

Applicant contends that the definition of date of injury in section 5412 applies to petitions to reopen in cumulative injury and occupational disease cases and that the Board erred in rescinding the WCJ's determination that applicant's petition was timely. Respondents contend that the definition does not apply to petitions to reopen and that the Board correctly determined applicant's petition was untimely. Alcoa asserts that by issuing the June 7, 1984, award, the WCJ in effect found the date of injury was November 11, 1978. As indicated, *ante,* footnote 1, section 5412 provides that the date of injury in cumulative injury and occupational disease cases is the date on which there is a concurrence of disability and actual or constructive knowledge that the disability is work-related.

Section 5410 permits an injured employee to petition to reopen within five years after "the date of the injury" on the grounds of new and further disability.[3] A petition to reopen for "good cause" (§ 5803) may be filed by any "party in interest" (§ 5804) within five years after "the date of the injury" (*ibid.*). Neither section 5410 nor section 5804 defines the term "date of the injury."[4]

---

[3] Section 5410 provides in pertinent part: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability or the need for vocational rehabilitation benefits. The jurisdiction of the appeals board in these cases shall be a continuing jurisdiction at all times within this period. . . ."

[4] Section 5803 provides: "The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division, and the decisions and orders of the rehabilitation unit established under Section 139.5. At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any order, decision, or award, good cause appearing therefor. [¶] This power includes the right to review, grant or regrant, diminish, increase, or terminate, within the limits prescribed by this division, any compensation awarded, upon the

Section 5412 was enacted in 1947 as part of Senate Bill No. 1545 (Reg. Sess.).[5] Section 5412 was amended by Assembly Bill No. 767, 1973-1974 Regular Session, to apply to cumulative injury cases. (Stats. 1973, ch. 1024, § 3, p. 2032.) In its analysis of Assembly Bill No. 767, the Assembly Committee on Finance and Insurance stated the bill provided that "[t]he statute of limitations applying to occupational disease will also apply to cumulative injury."

While an essential purpose of section 5412 is to define date of injury for purposes of the statute of limitations (§ 5405) in occupational disease and cumulative injury cases, its scope is much broader, as noted by the Court of. Appeal in *J. T. Thorp, Inc.* v. *Workers' Comp. Appeals Bd.* (1984) 153 Cal.App.3d 327, 335-336, 343-344 [200 Cal.Rptr. 219]. (Also see *Smith* v. *Johns-Manville Products Corp., supra,* 46 Cal.Comp.Cases at pp. 557, 559-562.)

In *Smith* v. *Johns-Manville Products Corp., supra,* 46 Cal.Comp.Cases 557, the Board opined that the section 5412 definition of date of injury should be used to determine timeliness of a petition to reopen under sections 5803 and 5804. (See *Smith, supra,* at pp. 559-561, 562.) Without mentioning section 5412's language regarding constructive knowledge, the Board stated: "[T]he Board concludes that ... the worker has five years from the concurrence of the date of first compensable disability as a result of an occupational disease and knowledge thereof to file a petition to reopen pursuant to Labor Code Sections 5803 and 5804." (*Smith, supra,* at p. 557.) The Board noted that in *Van Voorhis* v. *Workmen's Comp. Appeals Bd., supra,* 37 Cal.App.3d 81, the first date of compensable disability was used to determine date of injury for the purpose of computing the applicable rate of disability indemnity. (*Smith, supra,* at p. 560; also see *Lewis* v. *City and County of San Francisco* (1981) 46 Cal.Comp.Cases 206, 216, en banc.) Distinguishing *Van Voorhis,* the Board observed that the substantive right to an applicable indemnity rate need not turn upon the date an employee

grounds that the disability of the person in whose favor the award was made has either recurred, increased, diminished, or terminated."

Section 5804 provides: "No award of compensation shall be rescinded, altered, or amended after five years from the date of the injury except upon a petition by a party in interest filed within such five years and any counterpetition seeking other relief filed by the adverse party within 30 days of the original petition raising issues in addition to those raised by such original petition. Provided, however, that after an award has been made finding that there was employment and the time to petition for a rehearing or reconsideration or review has expired or such petition if made has been determined, the appeals board upon a petition to reopen shall not have the power to find that there was no employment."

[5] As originally enacted, section 5412 provided: "The date of injury in cases of occupational diseases is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that said disability was caused by his present or prior employment." (Stats. 1947, ch. 1034, § 6, p. 2307.)

acquired knowledge of industrial causation. (*Smith, supra,* at p. 561.) The Board explained that, in contrast, "knowledge of the industrial nature of the injury is considered essential before one can be denied rights for lack of pursuing them." (*Ibid.*)

Finding that compensable disability and knowledge of industrial causation occurred no earlier than the date the application was filed, the Board in *Smith* determined that the petition to reopen, having been filed within five years of that date, was timely. (*Smith* v. *Johns-Manville Products Corp., supra,* 46 Cal.Comp.Cases at p. 563.) However, despite its initial statement that an employee has five years from the concurrence of disability and knowledge to petition to reopen under sections 5803 and 5804 (*Smith, supra,* at p. 557), the Board explained it was of the opinion that "the period in which to reopen an occupational disease or cumulative injury claim does not begin to run at least until the date of the actual first disability since before that date (irrespective of the knowledge element) there can be no compensable injury." (*Id.,* at p. 562, fn. omitted.)

In *J. T. Thorp, Inc.* v. *Workers' Comp. Appeals Bd., supra,* 153 Cal.App.3d 327, 335-336, 343-344, the court concluded that in occupational disease cases the five-year period of sections 5410 and 5804 does not begin to run until the date of injury as defined in section 5412. In that case, however, the sole medical opinion was that the applicant did not yet have compensable disability. (*J. T. Thorp, supra,* at p. 331.)

 In construing section 5412 and sections 5410 and 5804, we are mindful of the well-established rule that when a court attempts to ascertain legislative intent, "a specific provision should be construed with reference to the entire statutory system of which it is a part, in such a way that the various elements of the overall scheme are harmonized. [Citation.]" (*Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].) While section 5412 is part of a chapter whose heading is "Limitations of Proceedings," the chapter includes more than statute of limitations provisions. (See generally *Bowland* v. *Municipal Court, supra,* 18 Cal.3d at p. 489 [chapter headings may be considered in determining legislative intent].) Inclusion of section 5410 in the same chapter as section 5412 supports application of the provisions of section 5412 to petitions to reopen under section 5410. Although section 5804 is in a different chapter than section 5410, the same period is contemplated by both sections. (See *Broadway-Locust Co.* v. *Ind. Acc. Com.* (1949) 92 Cal.App.2d 287, 290-294 [206 P.2d 856].)

The date of injury should be determined in the same manner for purposes of assessing timeliness of applications for adjudication of claim and petitions

by applicants or employers to reopen. (See *J. T. Thorp, Inc.* v. *Workers' Comp. Appeals Bd., supra,* 153 Cal.App.3d at pp. 335-336, 343-344; cf. *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd.* (1985) 39 Cal.3d 57, 68, fn. 11 [216 Cal.Rptr. 115, 702 P.2d 197] [lien claimant may petition to reopen within five years after Board's decision].) The Board's conclusion in the present case may reflect a concern that the five-year period within which an applicant or employer can petition to reopen should be easily calculated. Use of the section 5412 definition in this context will obviously involve some uncertainty as to the five-year period within which a party may petition to reopen in any case in which a statute of limitations defense has not been tried and determined. Were this court to hold, however, that, irrespective of an applicant's actual or constructive knowledge, the first date of compensable disability is the "date of the injury" for the purpose of petitions to reopen under sections 5410 and 5804, the right of both applicant and employer to petition to reopen would in many cases be lost prior to a timely filing of an application for adjudication of claim, particularly in occupational disease cases in which the latency period is quite long. (See *J. T. Thorp, Inc.* v. *Workers' Comp. Appeals Bd., supra,* 153 Cal.App.3d at pp. 331-345; cf. *Fruehauf Corp.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 569, 577 [68 Cal.Rptr. 164, 440 P.2d 236].)

In weighing the concern for certainty as to the five-year period against the importance of an opportunity to reopen, we have determined that availability of the right to petition to reopen is the paramount concern. We therefore conclude that in cumulative injury and occupational disease cases, the section 5412 definition of date of injury should be used to determine the "date of the injury" under sections 5410 and 5804. ■ Our conclusion in this regard is consistent with the general rule that, when a statute is reasonably susceptible of two constructions, the construction which is more reasonable and just will be adopted. (See *Dept. of Motor Vehicles* v. *Indus. Acc. Com.* (1939) 14 Cal.2d 189, 195 [93 P.2d 131]; *Mount Sutro Defense Committee* v. *Regents of University of California* (1978) 77 Cal.App.3d 20, 34 [143 Cal.Rptr. 365].)

Neither *Van Voorhis* v. *Workmen's Comp. Appeals Bd., supra,* 37 Cal.App.3d 81 nor *Schultz* v. *Workers' Comp. Appeals Bd., supra,* 51 Cal.Comp.Cases 58 supports the Board's conclusion in the present case that the section 5412 definition of date of injury should not be used in determining timeliness of a petition to reopen. Each of those cases involved substantive rights that were dependent upon the date of injury.

In *Schultz* the issue was whether an employee whose industrial injury caused disability in 1971 could receive vocational rehabilitation benefits pursuant to section 139.5 on the basis of his 1982 discovery that his condi-

tion was industrially caused. (*Schultz, supra,* 51 Cal.Comp.Cases at p. 59.) Section 139.5 provides that it is not applicable "to any injured employee whose injury occurred prior to January 1, 1975." (§ 139.5, subd. (d).) In *Van Voorhis* the court held that under section 4453 compensation must be measured by earning capacity at the time the applicant incurred compensable disability. (*Van Voorhis, supra,* 37 Cal.App.3d at p. 87.) Thus, in both situations, the issue was entitlement to substantive rights as to which the actual date of injury was pertinent. In contrast, the present case involves the procedural right to petition to reopen within a period of less than five years after an applicant first knew or in the exercise of reasonable diligence should have known that his disability was caused by the employment.

Contrary to Alcoa's assertion, the parties did not stipulate that the date of injury was November 11, 1978. Rather, the dates "11-11-77-78" were typed above the line marked date of injury on the stipulation form to indicate the last year of injurious exposure.

Because of the conclusion in *Smith* v. *Johns-Manville Products Corp., supra,* 46 Cal.Comp.Cases 557, that the date of injury is the date of concurrence of disability and knowledge, the WCJ did not determine whether in the exercise of reasonable diligence applicant should have known prior to November 1982 that his disability was work-related. Moreover, due to the Board's construction of sections 5410 and 5804, the Board expressly declined to determine when applicant first knew of industrial causation. Accordingly, remand is necessary so that the issue of actual knowledge may be determined by the Board and, if appropriate, proceedings may be held on the issue of constructive knowledge.

The September 29, 1986, decision of respondent Workers' Compensation Appeals Board is annulled, and the matter is remanded for a determination by the Board as to the date of actual knowledge of industrial causation and, if appropriate, further proceedings on the issue as to when in the exercise of reasonable diligence applicant should have known that his disability was caused by his employment.

Kingsley, J., and McClosky, J., concurred.

The petition of respondent Workers' Compensation Appeals Board for review by the Supreme Court was denied September 2, 1987.