Filed 8/11/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| TRUCK INSURANCE EXCHANGE, | B268231 |
| Petitioner, | (W.C.A.B. No. ADJ8464986) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD and NG FUNG KWOK, | |
| Respondents. | |

PROCEEDINGS to review a decision of the Workers' Compensation Appeals Board.  Order affirmed.

Horvitz & Levy, David M. Axelrad, Bradley S. Pauley, Julie L. Woods; Williams-Abrego Los Angeles, Kevin D. Miller, Vanessa Y. Cavanna, Dana L. Sandoval and David S. Ettinger for Petitioner.

Anne Schmitz and Allison J. Fairchild for Respondent Workers' Compensation Appeals Board.

Law Offices of Williams O. Owuor, Williams O. Owuor, Steven C. Louie and Charles R. Rondeau for Respondent Ng Fung Kwok.

\* \* \* \* \* \* \*

Petitioner Truck Insurance Exchange of Farmers Insurance Group (Farmers) contends the defense of laches bars the workers compensation claim of the employee. The employer received notification of the injury the day after it happened but a workers compensation claim was not submitted to Farmers until more than seven years later. However, notice to or knowledge of a workplace injury on the part of the employer is deemed to be notice to or knowledge of the insurer.[1]  Since Farmers is deemed to have known of the injury the day after it occurred, Farmers cannot show delay in receiving notice of the claim, which is an essential element of laches (*Magic Kitchen LLC v. Good Things Intern. Ltd.* (2007) 153 Cal.App.4th 1144, 1157).  We hold laches does not apply. We therefore affirm the order excluding laches as an affirmative defense and remand the case to the Workers' Compensation Appeals Board (appeals board) for further proceedings.

FACTUAL BACKGROUND

**A.     The Employee and the Accident**

It is undisputed that the employee, Ng Kwok (Kwok), was employed as a restaurant manager and waiter by Nu Square Corporation, doing business as Har Lam Kee Restaurant (restaurant).  The owner of the restaurant was King Tak Cheung (Mr. Cheung).  Mr. Cheung is the older brother of Kwok's wife, Yuk Lin Cheung (Ms. Cheung).

On the morning of January 10, 2005, rain was coming into the restaurant dining area.  Kwok went out to the backyard area with a ladder to inspect the leak.  A few minutes later, Kwok was found lying on the ground unconscious with the ladder next to him.

Kwok sustained a brain hemorrhage and was and continues to be paralyzed from the shoulders down.  Since the accident, Kwok receives 24-hour medical care.

---

[1]     "Every such contract or policy shall contain a clause to the effect that, as between the employee and the insurer, notice to or knowledge of the occurrence of the injury on the part of the employer will be deemed notice or knowledge, as the case may be, on the part of the insurer." (Ins. Code, § 11652.)

**B.     Notification**

Ms. Cheung notified Mr. Cheung of Kwok's accident by way of a phone call the day after it occurred.  Mr. Cheung was then in Hong Kong for treatment of an illness.  While Farmers contended that Mr. Cheung did not know of the injury, the workers' compensation administrative law judge (WCJ) rejected as not believable that Mr. Cheung never received information about his brother-in-law's injury.  The WCJ found Ms. Cheung's testimony "far more believable" that she called Mr. Cheung in Hong Kong and told him what had happened.  The appeals board expressly supported the WCJ's credibility determination.  Mr. Cheung did not testify nor was he ever deposed.  No evidence was presented that contradicted Ms. Cheung's testimony on this issue.

Within one working day of receiving notice or knowledge of injury, the employer is required to provide to the employee a claim form and a notice of potential eligibility for workers' compensation benefits.  (Lab. Code, § 5401, subd. (a).)[2]  The WCJ concluded that in this case this "was apparently never done."  If an employer breaches this statutory duty, the limitations period is tolled for the period of time that the employee remains unaware of his rights.  (*Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd.* (1985) 39 Cal.3d 57, 60.)

**C.     Kwok's Workers' Compensation Claim**

Ms. Cheung, Kwok's wife, filed a workers' compensation claim for Kwok in July 2012, more than seven years after the accident.  This came about because Ms. Cheung heard a radio program about workers' compensation cases and began inquiring with attorneys.  Although she had procured workers' compensation insurance for the restaurant after the accident, she did not understand what workers' compensation meant.  She understood that without liability and workers' compensation insurance, the business could not operate.  She bought the insurance based on what the insurance agent told her was necessary.

---

[2]     Statutory references are to the Labor Code, unless otherwise noted.

Given Ms. Cheung's lack of familiarity with the workers' compensation system, this was exactly the kind of case where notice of workers' compensation rights under section 5401 was particularly important.

## D. Coverage

It was stipulated that the restaurant was insured for workers' compensation by Farmers.

## E. Testimony About Laches

Farmers called Elizabeth Wojcik (Wojcik) as a witness to support its laches defense.

Wojcik began handling Kwok's claim in March 2013. Kwok's claim first came to the attention of Farmers in July 2012. Farmers tried to verify coverage but it was difficult to verify the dates of coverage because it was a number of years since the date of injury. Coverage was ultimately confirmed through the Workers' Compensation Insurance Rating Bureau (WCIRB).[3]

Wojcik investigated the claim to determine the owner of the business and the owner of the building. However, only limited information was obtained through the business owner, Mr. Cheung, and the owner of the building, Sharon Feng.

Wojcik found indications that the owners of the restaurant might be Kwok, an older brother, or Ms. Cheung. She attempted to investigate by interviewing people working in the restaurant but no one remembered anything. Wojcik subpoenaed records from the Secretary of State, the Department of Health, and the Department of Alcoholic Beverages, which included a statement that the restaurant was transferred to Ms. Cheung from the prior owner. Wojcik could not come to a conclusion about whether Kwok owned the restaurant.

---

[3] The WCIRB is the bureau to which employers must provide information pertaining to workers' compensation, including employer information, insurer information, employee information and payroll, and workers' compensation claims filed for previous calendar year. (Cal. Code Regs., tit. 8, § 10203.)

The cause of the fall was unknown because no one actually witnessed the fall. The roof was flat so it would have been difficult to fall off the actual roof. Wojcik was unable to determine if there was a defect in the ladder because it could not be located. Wojcik testified that Farmers was unable to determine if the fall was intentional, if there was horseplay involved, if there was criminal activity, or if there was intoxication. There was one witness mentioned in the police report but he could not be located.

Wojcik confirmed that a copy of the application and a DWC-1 Employee's Claim Form was served on Farmers on July 27, 2012. Wojcik also confirmed that she signed a Notice Regarding Denial of Workers' Compensation Benefits on behalf of Farmers dated March 21, 2013. Wojcik acknowledged that Kwok's claim was not denied within the 90-day period mandated in section 5402.[4] Accordingly, Wojcik agreed that section 5402 triggered the rebuttable presumption that the claim was compensable. However, Farmers did not treat Kwok's claim as compensable.

### RULINGS OF THE WCJ AND THE APPEALS BOARD

The WCJ concluded that Kwok sustained injury arising out of and occurring in the course of employment. The WCJ also concluded that the statute of limitations did not bar Kwok's claim. The medical record was ordered developed.

On the issue of injury arising out of and occurring in the course of employment, the WCJ noted the parties' stipulation that Kwok was employed by the restaurant as a manager. The WCJ noted the unrebutted testimony of a witness that there was a leak in the roof due to rain and that Kwok went outside carrying a ladder. Several minutes later, Kwok was found lying on the ground outside the restaurant, next to the ladder.

On Farmers' assertion of the statute of limitations, the WCJ found that the employer, Mr. Cheung, was given notice of Kwok's injury the day after the accident but

---

[4] "If liability is not rejected within 90 days after the date the claim form is filed under Section 5401, the injury shall be presumed compensable under this division. The presumption of this subdivision is rebuttable only by evidence discovered subsequent to the 90-day period." (§ 5402, subd. (b).)

Kwok was not advised of his right to file a workers' compensation claim. Accordingly, the statute of limitations had not expired.

At this point, the WCJ did not address the issue of laches.

Farmers petitioned for reconsideration. One of the grounds upon which reconsideration was sought was the doctrine of laches, which was raised as an issue in the pre-trial conference statement but was not addressed by the WCJ. Farmers' contention with respect to laches was that the "carrier was greatly prejudiced by the lengthy delay in filing an Application for Adjudication." The petition for reconsideration also contended that the statute of limitations barred the action, that employment had not been shown, and that the injury did not arise and was not sustained in the course and scope of employment.

The WCJ recommended the petition be denied. Noting that the employer was Mr. Cheung, and not the insurance company, the WCJ found that the undisputed and credible testimony at trial was that Mr. Cheung was notified of the injury the day after the accident. The employer failed to provide Kwok a claim form or to process the injury claim.

On the issue of laches, the WCJ concluded in the report on the petition for reconsideration as follows:

> "The same facts form the basis of [Farmers'] arguments that this claim should be barred on the grounds of laches, or expiration of the statute of limitations. As set forth above, the undersigned found the testimony of [Ms.] Cheung that she reported the injury to the boss, [Mr.] Cheung, to be credible and as a result, believes that the employer had notice of this accident the day after it occurred. As a result the issue of laches or the statute of limitations are not applicable."

It is clear that the WCJ expressly found that laches did not apply to preclude Kwok's claim.

The appeals board adopted and incorporated the WCJ's report and denied reconsideration. Other than noting that it gave great weight to the WCJ's credibility determination and that there was no evidence to contradict that determination, the appeals board did not issue an opinion of its own.

6

**THE PETITION FOR A WRIT OF REVIEW**

Farmers filed a petition for a writ of review in this court on November 16, 2015. Abandoning all other issues, the petition's sole contention was that laches applied to preclude Farmers' liability. The basis of Farmers' laches defense in the petition for writ of review was that Ms. Cheung, like the working population, had to have a "general knowledge . . . concerning the availability of workers' compensation benefits," and that she had "specific knowledge of Kwok's workers' compensation rights" because "she purchased workers' compensation insurance for the restaurant." Ms. Cheung was "on notice (or at least on inquiry notice) of Kwok's rights" and the delay in filing a claim was unreasonable.

The petition did not seek review of the finding that notice had been provided to the employer, Mr. Cheung, the day after the injury by telephone. The petition also did not seek review of the finding that Kwok's injuries had been sustained in the course and scope of employment.

Kwok filed an answer and Farmers submitted a reply .

**ISSUANCE OF THE WRIT AND ADDITIONAL BRIEFING**

We issued a writ of review on February 5, 2016. As noted, the petition for a writ of review was limited to the laches defense. Given that the appeals board had adopted the WCJ's rulings, including the ruling rejecting the laches defense, on the authority of *Rymer v. Hager* (1989) 211 Cal.App.3d 1171, 1180 we deemed the order rejecting the affirmative defense of laches to be a reviewable order.

Simultaneously with the issuance of the writ, we requested briefing on whether the defense of laches should be remanded to arbitration pursuant to Labor Code section 5275, subdivision (a), as a question of insurance coverage. As evident in the request, this court assumed laches was raised as a coverage defense to the employer's insurance claim rather than as a defense to Kwok's injury claim.

Each of the parties unequivocally responded that arbitration was no longer appropriate. Both the appeals board and Kwok asserted that there was no coverage dispute raised in the underlying proceedings by Farmers. In addition, the appeals board

7

and Kwok advised that Farmers had stipulated that it provided workers' compensation coverage to the restaurant on January 10, 2005, when Kwok had sustained the injury and that Kwok was an employee of the restaurant at the time of his injury.

On March 15, 2016, this court directed Farmers to explain the impact of the stipulation regarding coverage, if any, on its defense of laches. The appeals board and Kwok were provided an opportunity to reply to Farmers' response.

Farmers' position is that the stipulation is irrelevant to the defense of laches because laches has nothing to do with the merits of the cause against which it is asserted. Questions of coverage and employment status related to the merits of Kwok's claim while Farmers' defense of laches relates to the prejudice caused by the unreasonable delay in bringing the claim.

The appeals board noted Farmers' concession of its stipulations regarding insurance coverage and employment status. Because timely notice was provided to the employer, Mr. Cheung, who failed to give notice of workers' compensation rights, the appeals board asserted that laches could not apply. The breach of the employer's duty outweighed the delay because it was the breach that caused the delay.

Kwok underscored Farmers' failure to challenge the WCJ's findings of employment status, timely notice of the injury to the employer, and the employer's failure to provide statutory notice of workers' compensation rights.

## DISCUSSION

The appeals board has broad equitable powers with respect to matters within its jurisdiction. (*Dyer v. Workers' Comp. Appeals Bd.* (1994) 22 Cal.App.4th 1376, 1382.) Thus, equitable doctrines such as laches are applicable in workers' compensation litigation. (*State Farm General Ins. Co. v. Workers' Comp. Appeals Bd.* (2013) 218 Cal.App.4th 258, 268; 2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d ed. 2016) § 24.03[1], p. 24-14 (rel. 81-3/2015).) Given these principles, the first inquiry is what standard of review applies to the appeals board's ruling that laches does not apply to bar the claim in this case.

8

"Generally speaking, the existence of laches is a question of fact to be determined by the trial court in light of all of the applicable circumstances, and in the absence of manifest injustice or a lack of substantial support in the evidence its determination will be sustained." (*Miller v. Eisenhower Medical Center* (1980) 27 Cal.3d 614, 624.) When coupled with the fact that we are empowered to determine if the appeals board's decision or award is supported by substantial evidence (§ 5952, subd. (d)), it appears that we must decide whether the appeals board's decision regarding laches is supported by substantial evidence.

Ms. Cheung's testimony that she called Mr. Cheung the day after the accident and informed him of the accident and of Kwok's injuries is the only evidence on the question of notification. The WCJ and the appeals board found her testimony to be credible, and it is uncontradicted by any evidence.

"Except as provided by sections 5402 and 5403[5], no claim to recover compensation under this division shall be maintained unless within thirty days after the occurrence of the injury which is claimed to have caused the disability or death, there is served upon the employer notice in writing, signed by the person injured or someone in his behalf . . . ." (§ 5400.) "Knowledge of an injury, obtained from any source, on the part of an employer, his or her managing agent, superintendent, foreman, or other person in authority, or knowledge of the assertion of a claim of injury sufficient to afford opportunity to the employer to make an investigation into the facts, is equivalent to service under Section 5400." (§ 5402, subd. (a).) *Notice to or knowledge of the employer is deemed to be notice to or knowledge of the insurer.* (Ins. Code, § 11652.)

Under the foregoing statutes, Farmers was on notice about the accident and the claim of injury, or had knowledge thereof, as of January 11, 2005, the day after Kwok's

---

**5** "The failure to give notice under section 5400, or any defect or inaccuracy in a notice is not a bar to recovery under this division if it is found as a fact in the proceedings for the collection of the claim that the employer was not in fact misled or prejudiced by such failure." (§ 5403.)

accident. Not only is this substantial evidence, the statutes do not allow for any other conclusion. The frustrations reflected in Wojcik's testimony are, of course, understandable and not surprising.[6] Yet the fact is that under the law Farmers is deemed to have known of the claim of injury as of January 11, 2005, which means that there was no delay at all. Without at least some delay, the doctrine of laches simply has no application. This was the basis of the WCJ's ruling in the report after the petition for reconsideration. Farmers is therefore in error when it contends that the doctrine of laches was misapplied because prejudice was not taken into account. The WCJ did not analyze the issue of prejudice because laches could not be applicable, given that there was no delay.

Farmers is correct when it contends that laches does not implicate the merits of the claim against which it is asserted. But it is not because of the merits of the claim that laches cannot be applied to this case. It is the absence of delay that precludes laches.

In Farmers' most recent filing, Farmers asserts that Mr. Cheung had no interest in limiting his brother-in-law's time to obtain workers' compensation benefits, thus extending the time to file indefinitely. According to Farmers, laches should be applied to prevent this type of open-ended time limitation. Even though there is no evidence that there was collusion among the family members, that is exactly what Farmers is contending. However, the basis for the laches defense in Farmers' petition for reconsideration was that the "carrier was greatly prejudiced by the lengthy delay in filing an Application for Adjudication." No claim was raised with respect to collusion between

---

**6**     These difficulties, which comprise the prejudice Farmers claims it has suffered, were directly caused by the failure to comply with subdivision (a) of section 5401. If Kwok had been furnished with the claim form and notified of his potential eligibility for workers' compensation within one day of receiving notice of the injury, Farmers would not have encountered the troubles Wojcik described.

10

the employer and employee to leave the workers' compensation claim open. The argument therefore is deemed waived pursuant to section 5904.[7]

The appeals board's decision precluding the defense of laches is affirmed.

**DISPOSITION**

The decision of the appeals board, entered on October 2, 2015, denying Farmers' petition for reconsideration is affirmed.


GRIMES, J.

WE CONCUR:


RUBIN, Acting P. J.


FLIER, J.

---

[7]    "The petitioner for reconsideration shall be deemed to have finally waived all objections, irregularities, and illegalities concerning the matter upon which the reconsideration is sought other than those set forth in the petition for reconsideration." (§ 5904.)

11