[No. C031700. Third Dist. Nov. 29, 1999.]

BOEHM & ASSOCIATES et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD, SHELDON
MOORE, INC., et al., Respondents.

514

**COUNSEL**

Boehm & Associates, Robert Feinglass and Nancy Roberts for Petitioners.

David Bryan Leonard for California Society of Industrial Medicine & Surgery, Inc., as Amicus Curiae on behalf of Petitioners.

Richard A. Krimen; Robert W. Daneri; and Don E. Clark for Respondents.

## OPINION

**NICHOLSON, J.**—Pursuant to Labor Code section 4603.2, subdivision (b), interest accrues on unpaid bills for compensable treatment of an injured employee under the workers' compensation scheme when the employer challenges liability and does not pay the bill. The parties, here, dispute when the interest begins to accrue. We conclude that interest begins to accrue 60 days after the employer receives the bill, regardless of when the employer's liability is admitted or accepted.

### BACKGROUND

In 1991, Florencio Lopez injured his back while working for Sheldon Moore, Inc. State Compensation Insurance Fund (State Fund) provided the company's workers' compensation coverage. During Lopez's treatment, it was discovered that there was a preexisting mass in Lopez's back which was compressing his spine. Medical care providers submitted bills as lien claims to State Fund for numerous surgeries and other treatment. State Fund did not pay the bills, denying liability for the treatment.

Although Lopez settled the case with State Fund, the settlement did not resolve the lien claims. Boehm & Associates (Boehm), on behalf of Medi-Cal, University of California at Davis Medical Center, University of California at Davis Professional Billing Group, and St. Joseph's Hospital sought payment from State Fund of $280,050.54 for Lopez's treatment. A workers' compensation judge ruled State Fund was not liable for the costs of Lopez's treatment because the condition was preexisting. In 1998, however, the Workers' Compensation Appeals Board (the appeals board) determined the injury was compensable under the workers' compensation scheme despite the preexisting condition because the work-related incident caused the preexisting condition to become symptomatic and disabling.

State Fund then paid the bills received years earlier for Lopez's treatment and paid interest from the date of the 1998 appeals board decision. Boehm also sought payment of interest pursuant to section 4603.2, subdivision (b)[1] from the time of the billing. A workers' compensation judge determined that section 4603.2 did not apply, and the appeals board denied reconsideration.

### DISCUSSION

The interpretation of a labor statute is a legal question which we review independently from the determination of the appeals board. (See

---

[1]This and further unspecified code references are to the Labor Code.

*Rymer* v. *Hagler* (1989) 211 Cal.App.3d 1171, 1183 [260 Cal.Rptr. 76].) Nonetheless, we generally defer to the appeals board's interpretation of labor statutes, unless the interpretation is clearly erroneous. (See *State of California* v. *Workers' Comp. Appeals Bd.* (1996) 44 Cal.App.4th 128, 142 [51 Cal.Rptr.2d 606].) We begin with the familiar axiom that we must apply the plain language of the statute if it is unambiguous on its face. (*Lewis* v. *Superior Court* (1999) 19 Cal.4th 1232, 1245 [82 Cal.Rptr.2d 85, 970 P.2d 872].)

■  Section 4603.2, subdivision (b) provides, in part: "If an employer contests all or part of a billing, any amount determined payable by the appeals board shall carry interest from the date the amount was due until it is paid." The dispute in this case concerns when a bill is due under this subdivision. The simple answer is found in the first sentence of the subdivision: "Payment for medical treatment provided or authorized by the treating physician shall be made by the employer within 60 days after receipt of each separate, itemized billing, together with any required reports." Accordingly, interest on the bill to be paid by the employer begins to accrue 60 days after a proper bill is received by the employer. If the employer contests liability and waits until the appeals board has determined the employer must pay the bill, the employer must then pay the bill plus interest accrued from 60 days after the employer received the bill.

Despite this plain language, State Fund contends, when it contests liability for the injury, interest on the bills it receives does not begin to accrue until after liability has been finally adjudicated. State Fund's first line of defense against payment of interest from 60 days after receipt of the bills is that it and a workers' compensation judge determined Lopez's injury was nonindustrial (a shorthand way of saying the injury was not compensable under the workers' compensation scheme); therefore, no payment was due until the appeals board reversed the determination of the workers' compensation judges and found that Lopez's injury was industrial. This reasoning defies logic. The appeals board's determination did not change the nature of the injury from nonindustrial to industrial. Instead, the appeals board's determination corrected an error made by State Fund and perpetuated by the workers' compensation judge in characterizing Lopez's injury.

The provision for interest found in section 4603.2, subdivision (b) is similar to prejudgment interest in a civil action. (See Civ. Code, § 3287 et seq.; *Olson* v. *Cory* (1983) 35 Cal.3d 390, 401-402 [197 Cal.Rptr. 843, 673 P.2d 720].) "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which

is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt." (Civ. Code, § 3287, subd. (a).) A dispute concerning liability does not preclude prejudgment interest in a civil action. (*Olson* v. *Cory, supra,* at p. 402.) Similarly, in the workers' compensation context, a dispute concerning whether an injury is industrial does not preclude the accrual of interest beginning 60 days after a proper bill is received by an employer.

State Fund asserts Boehm was properly denied an award of interest under section 4603.2, subdivision (b) because the appeals board properly ordered State Fund to pay interest from the date of the award pursuant to section 5800.[2] This is a non sequitur, a conclusion which does not follow from the premise. The fact that interest was properly awarded under section 5800 does not justify the failure to award interest from the date each bill came due under section 4603.2, subdivision (b). There is no authority for the proposition that these statutes are mutually exclusive.

Section 5800 provides that an appeals board award of compensation carries interest "from the date of the making and filing of said award." State Fund gives no reason why this statute imposing interest from the date of the award precludes interest under a different statute from the date a bill comes due. As with pre- and postjudgment interest in a civil action, pre- and postaward interest can coexist in the workers' compensation scheme.

State Fund complains we "should not adopt Boehm's novel and self-serving interpretation of Labor Code [section] 4603.2 because it defies common sense, it would frustrate the apparent intent of the Legislature, and it would lead to great mischief in the workers' compensation community." This bid to disparage the application of the plain language of the statute does not withstand scrutiny.

The common sense of applying the plain meaning of section 4603.2 is apparent in that it requires the employer rather than the lien claimant to finance the cost of treatment. That said, we must also acknowledge it is not our station to question the common sense of a clear legislative creation.

---

[2]Section 5800 provides: "All awards of the appeals board either for the payment of compensation or for the payment of death benefits, shall carry interest at the same rate as judgments in civil actions on all due and unpaid payments from the date of the making and filing of said award. Such interest shall run from the date of making and filing of an award, as to amounts which by the terms of the award are payable forthwith. As to amounts which under the terms of the award subsequently become due in installments or otherwise, such interest shall run from the date when each such amount becomes due and payable."

Nevertheless, State Fund labels the accrual of interest from the time the bill is due as a "windfall" and laments that interest on more than a quarter of a million dollars over eight years is "staggering." These labels, however, do not convince us that the Legislature did not mean what it said.

State Fund argues our interpretation of section 4603.2, subdivision (b) would "frustrate the apparent intent of the Legislature" because section 5800 provides for postaward interest. As we noted above, this is a non sequitur.

In passing, State Fund also argues our interpretation of section 4603.2, subdivision (b) would have a chilling effect on employer's rights to litigate disputed liability. State Fund fails to explain why there would be such a chilling effect, and we are unable to discern one. If an employer successfully disputes liability, it pays nothing to the claimant. Even if the employer loses the dispute after withholding payment, the unpaid monies have accrued interest for the employer during the period of dispute. Requiring an employer who has wrongfully withheld benefit payments to turn over the payments with interest cannot be said to penalize the employer, and thus should not dissuade an employer from disputing liability. If anything, it is the willingness of medical care providers to treat industrial injuries that might be chilled if the statutory scheme is construed to deprive the providers of the interest accrued on benefit payments wrongfully withheld by an employer. In any event, these notions of common sense and chilling effects are best reserved for the influence of legislators, not judges. We are bound by the clear and unambiguous language of the Labor Code. (See *Rhiner* v. *Workers' Comp. Appeals Bd.* (1993) 4 Cal.4th 1213, 1226 [18 Cal.Rptr.2d 129, 848 P.2d 244].)

State Fund's most persistent theme is that section 4603.2, subdivision (b) does not apply to bills until the employer has accepted liability—that is, until the fact that the injury was industrial has either been admitted by the employer or adjudicated by a tribunal without further recourse. For this proposition, State Fund offers only an opinion of the appeals board—*Sharma* v. *CNA Cas. of Calif.* (1993) OAK 195740, 22 Cal. Workers' Comp. Rptr. 18. To this authority, we add a regulation based on section 4603.2— California Code of Regulations, title 8, section 9792.5—promulgated by the Director of the Division of Workers' Compensation. (§§ 3206, 4603.5; Cal. Code Regs., tit. 8, § 9790.) Before we discuss those authorities, however, we note that the Legislature possesses the plenary constitutional authority to create and enforce a workers' compensation system (Cal. Const., art. XIV, § 4); therefore, any decision of the appeals board or regulation promulgated by the Director of the Division of Workers' Compensation in contradiction

to the Workers' Compensation Act is invalid. (See *Coca-Cola Co.* v. *State Bd. of Equalization* (1945) 25 Cal.2d 918, 922 [156 P.2d 1] [administrative regulations may not contravene terms of statutes under which they are adopted].)

*Sharma* v. *CNA Cas. of Calif., supra*, OAK 195740, 22 Cal. Workers' Comp. Rptr. 18 was a proceeding in which it was found the employee's injury was nonindustrial. This fact, alone, is sufficient to distinguish *Sharma* from this case. Here, the employee's injury was adjudicated as industrial. In the summary of the proceedings in *Sharma* provided in the workers' compensation reporter, it states that the workers' compensation judge opined section 4603.2 applies only to claims as to which liability for an industrial injury is admitted or accepted. There is no discussion of the timing of acceptance of liability (as a result of adjudication) and when interest begins to accrue on unpaid bills because the finding in *Sharma* was that the injury was nonindustrial. (Sharma, *supra*, 22 Cal. Workers' Comp. Rptr. 18.)

While the parties do not cite section 9792.5 of title 8 of the California Code of Regulations, perhaps in tacit recognition that the regulations cannot contravene the workers' compensation statutes, that regulation contains language not found in section 4603.2, subdivision (b). The regulation states, in pertinent part: "If a claims administrator has denied liability for an injury or has been unable to determine liability and has notified the employee of the denial or delay pursuant to Section 9813, a single objection stating that liability has not been accepted shall be sufficient for each provider from whom a bill is received. *In the event liability for the injury is later accepted, the sixty-day period to pay or contest the bills received prior to acceptance shall commence on the date liability for the injury is accepted.*" (Cal. Code Regs., tit. 8, § 9792.5, subd. (f), italics added.)

Nothing in the Labor Code justifies the delay of the due date of a bill until 60 days after the employer accepts liability for the injury. Indeed, the delay of the due date by operation of title 8, section 9792.5 of the California Code of Regulations, contradicts the plain language of section 4603.2, subdivision (b) which provides that payment on a bill is due 60 days after the bill is received by the employer and that interest accrues from when the bill is due. The regulation, which provides for a delay of the due date, contravenes the statute, which admits no delay. Therefore, the regulation is invalid to the extent it allows delay.

We find the appeals board's interpretation of section 4603.2, subdivision (b) clearly erroneous. The plain meaning of the statute is that interest accrues

from the due date and that the due date is 60 days after the employer receives the bill. There is no valid reason to depart from this plain language.

## DISPOSITION

The decision of the appeals board on reconsideration is annulled and the cause remanded for further proceedings consistent with the views expressed herein.

Scotland, P. J., and Morrison, J., concurred.

Respondents' petition for review by the Supreme Court was denied February 16, 2000.