128 Cal.Rptr.2d 562 (2002)
104 Cal.App.4th 829
HONEYWELL, Petitioner,
v.
WORKERS' COMPENSATION APPEALS BOARD of the State of California, and
William Wagner, Respondents.
No. B156438.
Court of Appeal, Second District, Division Three.
December 20, 2002.
*564 Kegel, Tobin & Truce and D'Arcy T. Swartz, Long Beach, for Petitioner.
Clopton, Penny & Brenner, Los Angeles, and Ronald R. Kolitz as Amicus Curiae on behalf of Petitioner.
Laughlin, Falbo, Levy & Moresi, LLP and James C. Hester, Pasadena, as Amicus Curiae on behalf of Petitioner.
Turchin & Turchin and Raymond L. Turchin, Los Angeles, for Respondent.
William A. Herreras, Grover Beach, as Amicus Curiae on behalf of Respondent.
*563 CROSKEY, J.
The Workers' Compensation Appeals Board (WCAB) found that petitioner, Honeywell, formerly known as Allied Signal Aerospace Company (Honeywell), was "reasonably certain" in 1998 that its employee, respondent William Wagner, was psychiatrically injured or was claiming psychiatric injury under Labor Code section 5402.[1] The WCAB therefore determined that Honeywell had a duty to provide a claim form under section 5401,[2] which it failed to do. The WCAB concluded *565 that by Honeywell's breach of its duty to provide the claim form, the 90-day period to deny the injury under section 5402 began and expired without rejection of Wagner's claim; as a result, his claimed psychiatric injury is presumed compensable.
Section 5401, subdivision (a), however, expressly requires that an employer have "notice or knowledge of injury under Section 5400 or 5402" before the duty to provide a claim form is triggered; the employer's 90-day period in which to reject an employee's claim does not even commence to run until the completed claim form has been filed with the employer.[3] In this case, the WCAB has held that it is enough, in order to commence the running of the 90-day period, for the employer to simply be "reasonably certain" of the employee's injury and to have failed to provide the required claim form.
The WCAB had no legal authority to substitute "reasonably certain" for the statutory language enacted by the Legislature. Therefore, in the absence of a finding that Honeywell was precluded under the doctrine of estoppel, from asserting that the 90-day period could not begin to run until it had been served with the completed claim form, the WCAB could not properly find that the 90-day period had commenced to run at an earlier time.
We therefore annul the decision of the WCAB.

FACTUAL AND PROCEDURAL BACKGROUND
William Wagner, a sheet metalist for Honeywell for over 16 years, claimed work-related headaches and injuries to his psyche and skin due to employment from January 1, 1995, through October 16, 1998.
Honeywell provided an on-site medical clinic which recorded medical information reported by employees. Wagner's medical record dated July 20, 1998, indicates he informed the clinic that management was prejudiced against him and hampered his promotion and transfer. Such record also reflects that Wagner stated (1) he could not take it anymore, (2) his wife wanted him to quit due to stress, (3) he had lost 30 pounds, (4) he was anxious and agitated and (5) his doctor had prescribed medications for work stress.
On October 16, 1998, Wagner was admitted into a psychiatric hospital, and his wife, Linda Wagner, called Honeywell and left a message with the Human Resources Disability Coordinator, Nyssa Hawkins, to the effect that her husband had been hospitalized, and that his supervisor, Mike *566 Rawlings, and others at work continued their head games and had pushed her husband over the edge.[4] Linda Wagner also related there was concern about her husband's job and asked for disability forms. On October 20,1998, Hawkins phoned Linda Wagner to confirm receipt of a doctor's note verifying disability, and that disability forms would be sent.
On or about January 10, 1999, Wagner faxed to Honeywell a medical leave request form, on which a box was checked that the injury was work related. In a letter to Wagner dated January 11, 1999, Linda Wood, who was in personnel and handled workers' compensation, wrote that she had received the information from the medical department and was enclosing a claim form and pamphlet explaining workers' compensation.
On or about January 13, 1999, Wagner retained an attorney and completed a claim form, which was served on Honeywell on January 15, 1999. Honeywell then denied the claim by letter of March 31, 1999.
In support of his injury claim, Wagner obtained a medical report from his treating psychiatrist, Thomas Curtis, M.D. Dr. Curtis diagnosed major depression with anxiety and panic attacks, which were industrial. Dr. Curtis concluded that Wagner had permanent mental impairment ranging from slight to slight to moderate, with a need for future medical care and vocational rehabilitation.
Honeywell obtained a rebuttal medical opinion from psychologist, Mory Framer, Ph.D. Dr. Framer concluded Wagner's psychiatric condition was caused by good faith personnel actions, and thus was not compensable,[5] or non-industrial factors.
At trial, the matter was submitted to the workers' compensation judge (WCJ) without testimony in order to determine whether the injury should be presumed compensable under section 5402. The WCJ found that the 90-day period under section 5402 had ended on January 15, 1999, and the psychiatric injury was therefore presumed compensable unless rebutted by evidence not available by that date. The WCJ explained that Honeywell had sufficient information and notice as of July 20, 1998, to require provision of the claim form. Even if that were not so, the very latest the claim form should have been provided by Honeywell was following the contact with Linda Wagner on October 16, 1998. The WCJ further stated that his decision was supported by principles of estoppel, citing Shoai-Ahari v. Zenith Ins. Co. (1992) 21 Cal. Workers' Comp. Rptr. 14 (Shoai-Ahari ),[6] or the duty that arose *567 upon demand, citing Janke v. State of Calif. (1991) 19 Cal. Workers' Comp. Rptr. 310 (Janke).
In Janke, the employer and insurer refused to provide a claim form when requested by an employee who was claiming psychiatric injury. The employee retained an attorney as recommended by the insurer, and a completed claim form was served on the employer. The employer denied the claim within 90 days of being served with the completed claim form. The WCAB panel held, however, that the 90-day period allowed to the employer under section 5402 had already expired because it had commenced to run when the employer received knowledge of the injury claim and had deliberately refused to provide the claim form to the employee.[7] The WCAB panel found such conduct to be egregious and stated that it would not allow claim procedures to be manipulated intentionally or negligently so as to extend the period in which a claim must be accepted or rejected.
In this case, Honeywell filed for reconsideration with the WCAB. It requested that the WCAB issue an en banc decision resolving the issue as to whether the 90-day period begins before the claim form is filed with the employer, and if so, under what circumstances. Honeywell argued that its denial of compensability under section 5402 was timely because it was within 90 days of the date when the claim form was actually delivered by Wagner.
Honeywell also argued that there was no egregious conduct to justify estoppel as in Janke. Moreover, according to Honey-well, Shoai-Ahari actually supports the proposition that before the 90-day period can begin to run, the completed claim form must be filed with the employer. Alternatively, Honeywell contended that even if the 90-day period begins with knowledge of an injury or claim, the evidence in this case did not establish the requisite knowledge since co-employees were aware of the non-industrial stresses documented in the medical records. Finally, Honeywell urged, the documentary evidence lacked foundation that an employee with sufficient authority had received or recorded the contacts with Wagner and his wife.
In the report on reconsideration, the WCJ recommended that the WCAB affirm the decision en banc, because Honeywell was twice placed on notice of the industrial injury or claim thus creating a duty to investigate and timely provide the claim form.
The WCAB granted reconsideration and issued an en banc decision in Wagner v. Allied Signal Aerospace (2001) 66 Cal. Comp.Cases 483, 2001 WL 548597 (Wagner). It held that the 90-day period alternatively begins when an employer is "reasonably certain" of an industrial injury or claim and breaches the duty to provide the claim form, citing Janke and Thompson v. County of Stanislaus (1996) 25 Cal. Workers' Comp. Rptr. 24 (no breach of duty to provide claim form because employer not "reasonably certain" of industrial injury or claim). The WCAB further held that when the employer belatedly provides the claim form, the 90-day period is tolled *568 until the completed claim form is filed by the employee. The WCAB indicated it was persuaded by comments in Janke that sections 5401 and 5402 were intended to encourage employers to promptly provide benefits or investigate claims, which should not be circumvented by the failure to provide the claim form.
The WCAB rescinded the WCJ's decision and remanded the matter for application of the "reasonably certain" standard. The "reasonably certain" standard was basically defined as awareness of facts that would lead a reasonable person to conclude, with some certainty, rather than by guess or speculation, an industrial injury as set forth in section 5401, subdivision (a), had occurred or was being asserted. The WCAB also remanded for the record to be further developed, if needed, to determine whether the employees involved had sufficient authority to impute notice or knowledge to Honeywell.
The parties again proceeded to trial before the WCJ. Linda Wagner testified regarding the messages she left at Honeywell and her conversations with Nyssa Hawkins. Hawkins testified that she was "reasonably certain" that Linda Wagner was reporting a work injury, which Hawkins communicated to Linda Wood of personnel within a few days. Wood denied that Hawkins reported an injury concerning Wagner, nor did Wood recall being informed about a phone call from Linda Wagner. Wood further testified that she would not provide a claim form if an injury was reported by a third party unless informed it was work-related. Wood also stated that she knew Wagner had been hospitalized in October of 1998, and although she heard from the medical department that he was out on stress, possibly due to events at work, he did not report an injury to her.
The WCJ found that the 90-day period under section 5402 had expired on January 15, 1999. In the opinion, the WCJ explained that Hawkins, who was "reasonably certain" of the industrial injury, had reported it to Wood and a claim form should have been provided no later than October 16, 1998. Therefore, the psychiatric injury was presumed compensable.
Honeywell filed for reconsideration by the WCAB. Honeywell alleged that the "reasonably certain" standard was contrary to the plain language of sections 5401 and 5402, which also require that the claim form actually be filed with the employer in order for the 90-day period to begin. Even if the "reasonably certain" standard is valid, argued Honeywell, it was incorrectly applied because Hawkins was not the proper person to receive notice of the injury or claim and Wood testified she was not informed. Honeywell also asserted that its conduct did not justify estoppel under Janke.
In the report on reconsideration, the WCJ added that Wood admitted she knew that Wagner was out on stress, possibly due to events at work. He also reasoned that Hawkins was the disability coordinator and it was not an employee's burden to ferret out the precise person, among many, to whom a claim should be made.
The WCAB adopted the WCJ's findings and denied reconsideration. The WCAB concluded that the legislative policy of encouraging prompt investigation and processing of claims was facilitated by applying the presumption of compensability where the employer is "reasonably certain" that an injury has occurred and fails to timely provide a claim form.
Honeywell filed a petition for writ of review. We granted review and set the *569 matter for oral argument.[8]

CONTENTIONS OF THE PARTIES
Honeywell contends that the WCAB's application of the "reasonably certain" standard and presumption of compensability must be reversed because it violates the plain language of sections 5401 and 5402. Honeywell further argues that the WCAB's decision promotes compensability of non-meritorious psychiatric claims,[9] contrary to the Legislature's expressed intent in section 3208.3, subdivision (c).[10] Honeywell adds that, absent evidence of egregious conduct as involved in Janke, the imposition of a presumption of compensability is unnecessary because an employer's failure to timely provide a claim form can be addressed by administrative disciplinary action including fines. (See California Code of Regulations, title 8, section 10111.1, subdivision (d)(3).)[11]
Honeywell also asserts that Wagner was not a final adjudication requiring appeal, because the WCAB remanded to the WCJ for a new decision whether Honeywell was "reasonably certain" and the alleged injury should be presumed compensable.
Wagner disputes each of these arguments and contends that the Wagner decision finally decided application of the "reasonably certain" standard and the presumption of compensability, because these were "threshold" issues which were not timely appealed by Honeywell.[12]
Wagner also analogizes the WCAB's application of the "reasonably certain" standard to the Supreme Court's tolling of the *570 statute of limitations for the employer's failure to advise an injured employee of workers' compensation rights. (See Reynolds, supra, 12 Cal.3d 726, 117 Cal.Rptr. 79, 527 P.2d 631.) Wagner further contends that the WCAB's decision promotes the Legislature's policy of facilitating claims as expressed in SCIF. He asserts there is no requirement that the employer's conduct be egregious, but rather the mere failure to provide required information to the uninformed employee is sufficient. Wagner also argues that there is substantial evidence to support the WCJ's finding that Honeywell was "reasonably certain" Wagner had sustained injury, and a claim form was required.
Finally, Wagner requests attorney's fees for answering a writ petition without a reasonable basis. (See section 5801.)

DISCUSSION

1. Honeywell's Petition for Writ of Review Is Timely

At the outset, we reject Wagner's argument that Honeywell's petition for writ of review is untimely because Wagner was not appealed.
In Maranian v. Workers' Comp. Appeals Bd. (2000) 81 Cal.App.4th 1068, 97 Cal.Rptr.2d 418 (Maranian), the WCAB granted the employer's petition for reconsideration and ordered the record more fully developed as to the date the claim form was received to establish the 90-day period under section 5402. After additional evidence, the WCAB reversed the WCJ and determined that the injury claim was denied within the 90-day period. Maranian appealed even though the only issue decided was that the presumption of compensability under section 5402 did not apply.
The Court of Appeal held that the question as to whether the presumption under section 5402 applies was itself a "threshold" issue because it was basic to Maranian's entitlement to benefits. (Maranian, supra, 81 Cal.App.4th at pp. 1078-1080, 97 Cal.Rptr.2d 418.) The court also concluded that the WCAB's decision was appealable because it was a final determination that the presumption did not apply. However, the court distinguished as not appealable the WCAB's initial grant of reconsideration and remand for further development of the record, because the decision was not final as to whether section 5402 applied. (Maranian, supra, 81 Cal. App.4th at p. 1079, 97 Cal.Rptr.2d 418.)
The same reasoning applies in this case. Wagner was not a final, appealable decision. The WCAB simply rescinded the WCJ's original decision and remanded the matter to determine whether the presumption of section 5402 applied under the "reasonably certain" standard, and for further development of the record.

2. Standard of Review

Interpretation of governing statutes is decided de novo by the appellate court, even though the WCAB's construction is entitled to great weight unless clearly erroneous. (Boehm & Associates v. Workers' Comp. Appeals Bd. (1999) 76 Cal.App.4th 513, 515-516, 90 Cal.Rptr.2d 486; Williams v. Workers' Comp. Appeals Bd (1999) 74 Cal.App.4th 1260, 1264, 88 Cal.Rptr.2d 798; Ralphs Grocery Co. v. Workers' Comp. Appeals Bd (1995) 38 Cal. App.4th 820, 828, 45 Cal.Rptr.2d 197.) When interpreting a statute, the Legislature's intent should be determined and given effect. (Moyer v. Workmen's Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230, 110 Cal.Rptr. 144, 514 P.2d 1224; Williams, supra, 74 Cal.App.4th at p. 1265, 88 Cal. Rptr.2d 798.) The best indicator of legislative intent is the plain meaning of the statutory language, when clear and unambiguous. (DuBois v. Workers' Comp. Appeals Bd (1993) 5 Cal.4th 382, 387-388, 20 Cal.Rptr.2d 523, 853 P.2d 978; Moyer, supra, 10 Cal.3d at p. 230, 110 Cal.Rptr. 144, *571 514 P.2d 1224; Boehm, swpra, 76 Cal. App.4th at p. 516, 90 Cal.Rptr.2d 486; Williams, supra, 74 Cal.App.4th at p. 1265, 88 Cal.Rptr.2d 798.) Effect also should be given to the statute's every word and clause, thereby leaving no part or provision useless, deprived of meaning or contradictory. (DuBois, supra, 5 Cal.4th at p. 388, 20 Cal.Rptr.2d 523, 853 P.2d 978; Moyer, supra, 10 Cal.3d at p. 230, 110 Cal.Rptr. 144, 514 P.2d 1224.) Finally, the statute should be interpreted consistently with its intended purpose, and harmonized within the statutory framework as a whole. (DuBois, supra, 5 Cal.4th at p. 388, 20 Cal.Rptr.2d 523, 853 P.2d 978; Webb, supra, 28 Cal.3d at p. 626, 170 Cal.Rptr. 32, 620 P.2d 618.)

3. The "Reasonably Certain" Standard Is Inconsistent With The Express Statutory Language of Sections 5W1 and 5402

In essence, it appears that the WCAB has simply created the term "reasonably certain", and substituted it for the statutory language "notice or knowledge of injury under Section 5400 or 5402" set forth in section 5401, subdivision (a). We find that the plain language of section 5401, however, is a clear and unambiguous expression of legislative intent. (DuBois, supra, 5 Cal.4th at pp. 387-388, 20 Cal. Rptr.2d 523, 853 P.2d 978; Moyer, supra, 10 Cal.3d at p. 230, 110 Cal.Rptr. 144, 514 P.2d 1224; Boehm, supra, 76 Cal.App.4th at p. 516, 90 Cal.Rptr.2d 486; Williams, supra, 74 Cal.App.4th at p. 1265, 88 Cal. Rptr.2d 798.) The notice or knowledge that requires a claim form by the employer under section 5401, subdivision (a), is the written notice of injury in section 5400, or the knowledge of injury or assertion of a claim of injury sufficient to afford the employer opportunity to make an investigation into the facts in section 5402. This interrelated and detailed language indicates that the Legislature intended a precise definition as an integral part of this statutory scheme. (See also SCIF, supra, 37 Cal.App.4th at pp. 681-682, 43 Cal.Rptr.2d 660 [knowledge of injury or claim of injury, coupled with opportunity to investigate, are essential components of statutory scheme].) Such purpose is frustrated, if not totally undermined, by the introduction of the ambiguous concept "reasonably certain." Indeed, as we understand the WCAB's use and application of the term "reasonably certain," it adds nothing to the knowledge or notice of the employee's injury or claim which, under the express language of section 5401, subdivision (a), triggers only a duty to provide a claim form, not the commencement of the 90-day investigatory period provided for in section 5402.
While the WCAB is empowered to enact rules and regulations, it may not create and change legislation that is within the plenary power of the Legislature under Article XIV, section 4 of the California Constitution. (Boehm, supra, 76 Cal.App.4th at pp. 518-519, 90 Cal. Rptr.2d 486.) The WCAB also may not exceed its authority by creating exceptions to statutory requirements, even for a legitimate purpose. (See Williams, supra, 74 Cal.App.4th 1260, 88 Cal.Rptr.2d 798 [reversal of WCAB's ruling that paying benefits for 2 years in good faith before denying claim excused employer's failure to investigate and deny claim within 90-day period as required by section 5402].)

4. Absent Grounds For Estoppel, The 90-day Period Cannot Commence To Run Until The Completed Claim Form Has Been Filed With the Employer

The statutory language regarding the commencement of the 90-day period in section 5402 is very straight-forward. That section clearly provides that liability must be rejected within 90 days after the *572 completed claim form is filed under section 5401. Under subdivision (b) of section 5401, "a claim form is deemed filed when it is personally delivered to the employer or received by the employer by first-class or certified mail." (Italics added.) The only reasonable reading of this clear statutory language is that the 90-day period commences to run from the date the claim form is actually filed with the employer.
Nonetheless, the WCAB concluded that the 90-day period also will commence to run whenever an employer breaches its statutory duty to provide the claim form. This judicial remedy is too broad considering precedent, the plain language of sections 5401 and 5402, and the Legislature's expressed intent to provide a 90-day investigatory period which begins with filing the claim form with the employer. (DuBois, supra, 5 Cal.4th at pp. 387-388, 20 Cal.Rptr.2d 523, 853 P.2d 978; Boehm, supra, 76 Cal.App.4th at p. 516, 90 Cal. Rptr.2d 486; Williams, supra, 74 Cal. App.4th at p. 1265, 88 Cal.Rptr.2d 798; SCIF, supra, 37 Cal.App.4th at pp. 681-682, 43 Cal.Rptr.2d 660.) The WCAB has effectively rewritten section 5402 to eliminate the provision that the 90-day investigatory period commences upon a filing of the claim form.
We recognize that there are certain circumstances in which judicial remedies, such as estoppel, are proper in order to accomplish statutory goals. (Reynolds, supra, 12 Cal.3d at pp. 729-730, 117 Cal. Rptr. 79, 527 P.2d 631; Kaiser, supra, 39 Cal.3d at pp. 62-64, 216 Cal.Rptr. 115, 702 P.2d 197; Webb, supra, 28 Cal.3d at pp. 628-631, 170 Cal.Rptr. 32, 620 P.2d 618.) However, a judicial rule that also lessens or eliminates the employer's statutory opportunity to investigate the employee's injury, and which results in the injury being presumed compensable while excluding contrary evidence, should be sanctioned only in very limited circumstances.
In our view, the denial of an employer's right to conduct a reasonable investigation before being compelled to make its decision as to whether to accept or reject the employee's claim can only be justified by evidence of egregious employer misconduct beyond a mere failure to provide a claim form to the employee in a timely manner as contemplated by section 5401. Such employer misconduct must, in order to justify application of the doctrine of estoppel, rise to the level of either (1) a deliberate or intentional refusal to provide the required claim form to the employee or (2) false statements made to the employee, all for the purpose of preventing or delaying the completion and filing of a claim form by the employee. A mere negligent failure to provide a timely claim form is not sufficient. We do not, by making such distinction, mean to indicate that a negligent failure to meet the statutory requirement should be without consequences. Administrative sanctions, however, rather than a loss of a reasonable opportunity to investigate the employee's claim, is more appropriate.
We cannot determine from the record before us whether Honeywell's conduct falls into the egregious category or was merely a negligent omission. Therefore, we will remand the matter for further proceedings before the WCAB.

DISPOSITION
The WCAB's decision is annulled and remanded for further proceedings consistent with the views expressed in this decision. Wagner's request for attorney's fees is denied.
We Concur: KLEIN, P.J., and ALDRICH, J.
NOTES
[1] All further statutory references are to the Labor Code unless otherwise stated.

The law in effect at the time of injury governs all rights and liabilities. (Hofmeister v. Workers' Comp. Appeals Bd. (1984) 156 Cal. App.3d 848, 852-853, 203 Cal.Rptr. 100.)
In 1998 section 5402 provided: "Knowledge of an injury, obtained from any source, on the part of an employer, his or her managing agent, superintendent, foreman, or other person in authority, or knowledge of the assertion of a claim of injury sufficient to afford opportunity to the employer to make an investigation into the facts, is equivalent to service under Section 5400. If liability is not rejected within 90 days after the date the claim form is filed under Section 5401, the injury shall be presumed compensable under this division. The presumption is rebuttable only by evidence discovered subsequent to the 90-day period."
Section 5400 states: "Except as provided by sections 5402 and 5403, no claim to recover compensation under this division shall be maintained unless within thirty days after the occurrence of the injury which is claimed to have caused the disability or death, there is served upon the employer notice in writing, signed by the person injured or someone in his behalf, or in the case of death of the person injured, by a dependent or someone in the dependent's behalf."
[2] Section 5401, subdivision (a) states in relevant part: "Within one working day of receiving notice or knowledge of injury under Section 5400 or 5402, which injury results in lost time beyond the date of injury or which results in medical treatment beyond first aid, the employer shall provide, personally or by first-class mail, a claim form and a notice of potential eligibility for benefits.... The notice shall include a description of the procedures and assistance available to the employee ... the procedure to be used to commence proceedings ... the telephone number of the division's information and assistance services, and a statement that the employee has a right to consult an attorney or information and assistance officer, or both, for assistance."
[3] Section 5401, subdivision (b) provides: "The completed claim form shall be filed with the employer by the injured employee, or, in the case of death, by a dependent of the injured employee, or by an agent of the employee or dependent. Except as provided in subdivision (c), a claim form is deemed filed when it is personally delivered to the employer or received by the employer by first-class or certified mail. A dated copy of the completed claim form shall be provided by the employer to the employer's insurer and to the employee, dependent, or agent who filed the claim form." (Italics added.)

Section 5401, subdivision (c) also provides: "The claim form shall be filed with the employer prior to the injured employee's entitlement to late payment supplements under subdivision (d) of Section 4650, or prior to the injured employee's request for a medical evaluation under Section 4060, 4061, or 4062. Filing of the claim form with the employer shall toll, for injuries occurring on or after January 1, 1994, the time limitations set forth in Sections 5405 and 5406 until the claim is denied by the employer or the injury becomes presumptively compensable pursuant to Section 5402. For purposes of this subdivision, a claim form is deemed filed when it is personally delivered to the employer or mailed to the employer by first-class or certified mail."
[4] The hospitalization records indicate Wagner was depressed and suicidal, with a history of a prior suicide attempt, guilt feelings due to the death of his mother and brother, substance abuse and being jailed years ago for discharging firearms. The records, however, do not mention work stress.
[5] Section 3208.3, subdivision (h) provides: "No compensation under this division shall be paid by an employer for a psychiatric injury if the injury was substantially caused by a lawful, nondiscriminatory, good faith personnel action. The burden of proof shall rest with the party asserting the issue."
[6] In Shoai-Ahari, a WCAB panel concluded that the 90-day period under section 5402 begins to run when the employer receives the claim form, absent estoppel. In addition, the claim form was not applicable until the employee lost time from work or received medical treatment beyond first aid, rather than when the injury was reported.

A WCAB panel decision cited in the California Workers' Compensation Reporter is a properly citable authority, particularly regarding the issue of contemporaneous administrative interpretation of statutory language. (State Compensation Ins. Fund v. Workers' Comp. Appeals Bd. (1995) 37 Cal.App.4th 675, 683, fn. 4, 43 Cal.Rptr.2d 660 (SCIF).)
[7] The WCAB panel found the circumstances analogous to when an employer fails to provide an employee with required notices of rights and the statute of limitations is tolled (Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd. (1985) 39 Cal.3d 57, 216 Cal.Rptr. 115, 702 P.2d 197 (Kaiser); Reynolds v. Workmen's Comp. Appeals Bd. (1974) 12 Cal.3d 726, 117 Cal.Rptr. 79, 527 P.2d 631 [Reynolds]), or vocational rehabilitation benefits are owed from when the employer fails to advise the employee of the right to rehabilitation (Webb v. Workers' Comp. Appeals Bd. (1980) 28 Cal.3d 621, 170 Cal.Rptr. 32, 620 P.2d 618(Webb. ).)
[8] We also requested amici briefing from organizations specializing in workers' compensation law. Briefs were received from the California Workers' Compensation Defense Attorneys Association and the California Self-Insurers Association, which amplify Honeywell's arguments. Briefing from the California Applicants' Attorneys Association emphasizes that the amendments to section 5402 are intended by the Legislature to facilitate investigation of claims and payment of benefits, which is consistent with Article XIV, section 4 of the California Constitution requiring administration of workers' compensation in an expeditious and inexpensive manner.
[9] Honeywell cites SCIF as an example of how a non-meritorious claim can be compensable by enforcement of the presumption of compensability under section 5402. In SCIF, this court affirmed the WCAB's decision that the employer's failure to deny the injury claim within 90 days of being served with the claim form resulted in the employee's hypertension and kidney failure being presumed compensable, even though medical evidence indicated the condition was non-industrial. This court found more persuasive the primary purpose of the 1989 amendment to section 5402, which was to expedite the entire claims process by limiting to 90 days the time for the employer to investigate without penalty for the delay. (SCIF, supra, 37 Cal.App.4th at pp. 681-682, 43 Cal.Rptr.2d 660.) This court also found persuasive WCAB decisions which held that the presumption in section 5402 did not preclude evidence pertaining to issues other than compensability or that was unobtainable during the 90-day period with the exercise of due diligence. (SCIF, supra, 37 Cal.App.4th at pp. 683-684, 43 Cal.Rptr.2d 660.)
[10] Section 3208.3, subdivision (c), states: "It is the intent of the Legislature in enacting this section to establish a new and higher threshold of compensability for psychiatric injury under this division."
[11] California Code of Regulations, title 8, section 10111.1, subdivision (d)(3) establishes a range of administrative fines of up to $5,000 for not providing the claim form upon request by an employee, depending upon the delay in providing the claim form and whether the employee was receiving benefits at the time.
[12] Wagner cites Safeway Stores, Inc. v. Workers' Comp. Appeals Bd. (1980) 104 Cal.App.3d 528, 163 Cal.Rptr. 750 (finding of industrial injury determines substantial right or liability and is appealable "threshold" issue which can be waived, even though matter is remanded for further proceedings).